FORREST N. RANDOLPH et al., Copartners Doing Business as RANDOLPH & MOSES, Respondents, *v.* AMERICAN PACKING CORP., Appellant.

First Department, December 12, 1947.

*Samuel W. Sherman* of counsel (*Edward Gettinger* with him on the brief; *Gettinger & Gettinger,* attorneys), for appellant.

*Samuel R. Rudey* of counsel (*Arthur Sheinberg* with him on the brief; *Weisman, Celler, Quinn, Allan & Spett,* attorneys), for respondents.

*Per Curiam.* The controlling question is whether the New York Supreme Court has jurisdiction of the subject matter of the action. It is brought against a New Jersey corporation, to recover for breach of a contract made in New Jersey by plaintiffs, whose residence in New York State has been disputed. The defendant has entered a general appearance, so that there is no question here concerning jurisdiction of the person.

Subdivision 4 of section 225 of the General Corporation Law provides that a foreign corporation may be sued by a non-resident if it is doing business within this State. Section 224 provides that an action against a foreign corporation may be maintained by a resident of this State for any cause of action. Special Term has found, confirming the report of the official referee, that defendant foreign corporation has not been doing business in New York State. It also found, following the official referee that on April 11, 1947, when this action was commenced, one member of the plaintiff copartnership was a resident of New York State and the other was a resident of Illinois. As a conclusion of law, it has been determined that the partnership has the status of a resident of New York, causing the action to be maintainable under section 224 of the General Corporation Law.

An examination of the evidence taken before the official referee leads to the finding that Forrest N. Randolph, the partner held to have resided in Illinois, was actually a resident of New York City when this action was begun. Before coming here in January of 1947, Mr. Randolph had been with the Office of Price Administration in Washington, D. C. Prior to that he had been in the Army, which he had entered while living in Illinois. The official referee correctly found that he did not become a resident of Washington, D. C., but upon the forma-

tion of his partnership with Louis Moses, the other plaintiff, he came to New York City with the intention of remaining here, which is where the partnership was engaged in business, and had its office. The firm was organized in reliance upon what was deemed to be a lucrative arrangement with the defendant. Trouble arose, however, and the relationship between plaintiffs and defendant was discontinued in March of 1947. Thereafter, plaintiff Randolph sought other occupation, and made trips to Chicago, St. Louis, and other cities outside of New York State, in order to form a new connection. He finally went back to Washington, D. C., after this action had been begun, where he obtained employment in the Department of Agriculture. He did not obtain this position, or know what he was going to do, until after leaving New York City on April 13th. The action, as has been stated, was commenced on April 11th.

The fact is that when Randolph came to New York City he intended to remain indefinitely. When their business venture ended earlier than had been anticipated, the residence which he had acquired in New York continued until he took up a residence elsewhere, which did not occur until after this action was pending.

Since both plaintiffs resided in this State when the suit was instituted, the order appealed from should, in any event, be affirmed, with $20 costs and disbursements.

GLENNON, J. P., DORE, CALLAHAN and VAN VOORHIS, JJ., concur; COHN, J., concurs in the result.

Order unanimously affirmed, with $20 costs and disbursements.