I concur in the holding of the majority. I am of the opinion, however, that contractual provisions providing for personal jurisdiction are valid and enforceable and do not violate any principles of due process. Burger King Corp. v. Rudzewicz,471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985);National Equipment Rental, Ltd. v. Szukhent, 375 U.S. 311, 316,84 S.Ct. 411, 11 L.Ed.2d 354, 358 (1964). The Supreme Court said in the Burger King case:
 "We have noted that, because the personal jurisdiction is a waivable right, there are a 'variety of legal arrangements' by which a litigant may give 'express or implied consent to the personal jurisdiction of the court.' Insurance Corp. of Ireland Limited v. Compagnie des Bauxites de Guinee [456 U.S. 694], supra, at 703, 72 L.Ed.2d 492, 102 S.Ct. 2099 [2105 (1982)]. For example, particularly in the commercial context, parties frequently stipulate in advance to submit their controversies for resolution within a particular jurisdiction. See National Equipment Rental, Ltd. v. Szukhent, 375 U.S. 311, 11 L.Ed.2d 354, 84 S.Ct. 411 (1964). Where such forum-selection provisions have been obtained through 'freely negotiated' agreements and are not 'unreasonable and unjust,' The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 32 L.Ed.2d 513, 92 S.Ct. 1907 [1916] (1972), their enforcement does not offend due process."
471 U.S. at 472 n. 14, 105 S.Ct. at 2182 n. 14.
I recognize that this Court's case of Redwing Carriers, Inc.v. Foster, 382 So.2d 554 (Ala. 1980), did hold that an Alabama court's jurisdiction over subject matter cannot be waived by consent of the parties, but this Court, in that case, also opined:
 "We consider contract provisions which attempt to limit the jurisdiction of the courts of this state to be invalid and unenforceable as being contrary to public policy. Parties may not confer jurisdiction by consent, nor may they limit the jurisdiction of a court by consent."
382 So.2d at 556 (emphasis added).
The Eleventh Circuit Court of Appeals, discussing theRedwing Carrier case, said:
 "A closer look at Redwing reveals, however, that the Alabama policy is for the protection of the jurisdiction of the state courts rather than the protection of the state's citizens. The Redwing
court held:
 " 'We consider contract provisions which attempt to limit the jurisdiction of the courts of this state to be invalid and unenforceable as being contrary to public policy.' "
Stewart Organization, Inc. v. Ricoh Corp., 810 F.2d 1066, 1069
(11th Cir. 1987) (emphasis added in Stewart Organization).
It is my opinion that a contract provision such as the one agreed to by each appellant, which upholds and protects the jurisdiction of this State's courts, is not inconsistent withRedwing Carriers or with Conticommodity Services, Inc. v.TransAmerica Leasing, Inc., 473 So.2d 1053 (Ala. 1985), relied upon by appellants.
I also agree that, under traditional principles of law that apply to the doing of business in this State, the judgment of the trial court is due to be affirmed, even if the contract is ineffective.