Edward G. Baker, J.
The action is to recover damages for personal injuries allegedly sustained by plaintiff in an accident which occurred on a vessel owned and operated by defendant. The accident occurred while the vessel was on the high seas en route to New York from Haifa, Israel. Plaintiff, a citizen and domiciliary of Israel, was a passenger traveling to the United States on a nonimmigrant visa for the purpose of obtaining medical treatment. Plaintiff’s original visa permitted him to remain in the United States for six months. He obtained one extension for an additional six months’ stay which has expired. He states, however, that he expects to obtain several more extensions so that he may continue to receive in this country certain necessary medical treatment.
Defendant is an Israeli corporation which does business in New York. It operates 25 ships, only two of which regularly call at this port.
*577 The contract of passage contained the following provisions:
‘ ‘ This contract shall be construed, and all rights and liabilities and all disputes between the passenger or his executors, administrators and assigns and the Company or the Vessel, or ■any of their agents or servants, thereunder or in connection therewith or incidental thereto shall be determined, solely, in accordance with the Law of Israel.
“ It is agreed that all disputes and matters whatsoever under, in connection with or incidental to these presents shall be litigated upon in and before the Courts of Israel to the exclusion of the Courts of any other country.
“ Nothing in these presents contained shall in any manner whatsoever affect, alter, qualify or minimize the provisions of this Clause or any of them.”
Plaintiff insists that both he and defendant are residents of the State of New York; that this court has jurisdiction of the action and is without power to refuse to entertain it. On the other hand, defendant maintains that neither of these parties is a resident of the State, and that the court may, and, in the exercise of its discretion, should refuse to entertain jurisdiction.
It is clear that if either of the parties herein is a resident of this State, the court must entertain jurisdiction of the action (de la Bouillerie v. de Vienne, 300 N. Y. 60); if neither is a resident, the court, in the exercise of its discretion, may refuse to do so (Murnan v. Wabash Ry. Co., 246 N. Y. 244; Taylor v. Interstate Motor Frgt. System, 309 N. Y. 633).
As stated above, plaintiff concedes that he is in New York temporarily. It is not suggested that he now has, or ever had, any intention to make this his permanent abode, or that he intends, or will be permitted, to remain here beyond the time necessary in connection with his medical treatment.
The case of People v. Platt (117 N. Y. 159, 167), while not directly in point, contains language which, to this court, seems ■apposite here. The court said (p. 167): “ And in all cases where a statute prescribes ‘ residence ’ as a qualification of the enjoyment of a privilege or the exercise of a franchise, the word is equivalent to the place of domicile of the person who claims its benefit.” If this be the test to be applied in the instant case — and this court holds that it is — it follows that plaintiff is not a resident of this State within the meaning of section 224 of the General Corporation Law.
This conclusion is supported by the decisions in Bump v. New York, N. H. & H. R. R. Co. (38 App. Div. 60, affd. 165 N. Y. 636); Tullock v. Delaware, Lackawanna & W. R. R. Co. (127 *578 N. Y. S. 946, affd. 147 App. Div. 524, affd. 205 N. Y. 576) and Randolph v. American Packing Co. (273 App. Div. 105). These ■decisions make it clear that, in order to qualify as a resident ■within the meaning of section 224 of the General Corporation Law, a plaintiff must establish (1) his intent to make this State his permanent home, or (2) that he has no present intent to establish or have a permanent home elsewhere. (See, also, Vol. 17A Am. Jur., Domicil, § 27, p. 216.)
To the extent that Greiner v. Bank of Adelaide (176 Misc. 315) and Von Petersdorff v. Insurance Co. of North America (181 Misc. 907) are to the contrary, they will not be followed in view of the appellate authorities cited above. However, it should be noted that in both Greiner and Von Petersdorff there were unusual circumstances which impelled the court to retain jurisdiction of the actions, and the opinions so state'. Neither case is authority for the proposition that a mere temporary visitor is a resident of the State within the meaning of the statute. Woo Sung Ling v. City of New York (276 App. Div. 1026) and Taubenfeld v. Taubenfeld (276 App. Div. 873), also cited by plaintiff, are not to the contrary. Woo Sung Ling was an action against a domestic municipal corporation and the fact that plaintiff was illegally in the United States was unimportant. Taubenfeld was a matrimonial action involving a construction of section 1166 of the Civil Practice Act. The decision in that case lends no support to plaintiff’s position here.
Plaintiff argues that, in any event, defendant, by virtue of the fact that it does business in New York, is a resident of the State. The authorities are to the contrary. See Taller & Cooper, Inc., v. Rand (286 App. Div. 1096, 1097); Remington & Sherman Co. v. Niagara County Nat. Bank (54 App. Div. 358); Shepard & Morse Lbr. Co. v. Burleigh (27 App. Div. 99, 101) and Williams v. A. Hollander & Son (249 App. Div. 784). A foreign corporation cannot be a resident of this State. Its domicile is in the sovereignty where it was incorporated. New York may authorize it to do business within the boundaries of the State, but the corporation does not, by virtue of such authorization or by virtue of its conducting business here, thereby become a resident of this State.
The only question remaining to be determined is the question whether this court should, in the exercise of its discretion, entertain jurisdiction of the action.
It seems clear that the provisions of the contract of passag-e quoted above relate and were intended to relate to all disputes between the parties, whether arising out of the contract itself or in connection with a claim based upon an alleged tort.
*579 It is true that, by such an agreement, the parties cannot oust our courts of jurisdiction otherwise obtaining; but if, in the circumstances of the particular case, the court finds that such an agreement is not unreasonable, it may give it effect by declining jurisdiction and relegating a litigant to the forum to which he has assented. It was so held in the case of Muller & Co. v. Swedish Amer. Line (224 F. 2d 806), which involved a provision in a bill of lading requiring that any dispute arising under it be litigated in a foreign country. In Heitner v. Zim Israel Nav. Co. (152 F. Supp. 3), a case involving a similar fact situation and where the court had before it a contract provision identical with that in the instant Case, the complaint was dismissed on the ground of forum non conveniens.
In the circumstances here, it cannot be said that the agreement, insofar as it requires that all disputes between the parties be litigated in the courts of Israel, is unreasonable. The accident occurred on 'an Israeli vessel owned by an Israeli corporation ; the suit is brought by 'an Israeli citizen, and the rights and liabilities of the parties are to be determined in accordance with Israeli law.
In the absence of special circumstances warranting the exercise of discretion in favor of assuming jurisdiction of an action such as this, the courts of our State will refuse to entertain it. The rule was applied and the reason for it stated in Collard v. Beach (81 App. Div. 582), decided in the year 1903. The court wrote (p. 585): “ The habit of importing such litigations as this into this jurisdiction, consuming- the time of the courts and requiring the People of the State of New York to bear the burden 'and expense of trying actions which ought to have been brought in other jurisdictions where the home courts of litigants are open to afford adequate remedies has become a great abuse and a just subject of complaint and protest. If it is to be encouraged * * * the flood gates of litigation in similar oases will be wide open, if not to establish a new legal industry, at all events to impose upon ‘ our already overworked courts the obligation to try actions imported from a foreign jurisdiction.’ ”
Obviously, if the reasons given for the court’s conclusion in the cited case were valid in the year of that decision, they are more compelling now. (See Bata v. Bata, 304 N. Y. 51; Gregonis v. Philadelphia & Reading Coal & Iron Co., 235 N. Y. 152; Taylor v. Interstate Motor Frgt. System, 309 N. Y. 633, supra; and 48 A. L. R. 2d 831, § 16 and cases there cited.)
There are no special circumstances here sufficient, in this court’s opinion, to warrant retention of jurisdiction. There is *580 no suggestion that plaintiff will not have an adequate remedy in the forum of the parties’ domicile, except for the fact that there the question might be raised as to whether, under Israeli law, plaintiff’s claim is barred by lapse of time. Defendant, however, has indicated its willingness to waive any such defense. If such waiver is given and is effective under Israeli law to accomplish its purpose, there remains no valid reason for the denial of this motion.
Motion granted upon condition defendant effectively waive its right to plead or otherwise assert, in any other action that may be commenced by plaintiff to recover damages for personal injuries based upon the facts here alleged, that plaintiff’s claim is barred by lapse of time. The condition aforesaid shall be made part of the order which is to be settled on notice.