122 N.J. Super. 456 (1973)
300 A.2d 856
AIR ECONOMY CORPORATION, PLAINTIFF-APPELLANT,
v.
AERO-FLOW DYNAMICS, INC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted February 13, 1973.
Decided February 26, 1973.
*457 Before Judges COLLESTER, LEONARD and HALPERN.
Messrs. Winget and Keating, attorneys for appellant.
Messrs. Wilentz, Goldman & Spitzer, attorneys for respondent (Mr. Francis X. Journick, on the brief).
PER CURIAM.
Plaintiff and defendant are foreign corporations authorized to do business in New Jersey. On July 1, 1968, by written contract, plaintiff agreed to sell its business to defendant and, among other things, the agreement provided in relevant part:
This Agreement shall be governed, construed and interpreted in all respects in accordance with the laws of the State of New York. The Supreme Court of the State of New York, in the County of New York, shall have jurisdiction to hear and determine any claims or disputes pertaining directly or indirectly to this Agreement or to any matter arising therefrom. Each of the parties hereby expressly submits and consents in advance to such jurisdiction in any action or proceeding commenced by the other in such Court, * * *.
While an agreement to be bound by the laws of a designated state cannot oust a state of judicial jurisdiction, it will be enforced unless it is unfair, unreasonable or against the public policy of the forum state. Restatement, Conflict of Laws, § 80 at 244 (1971); Central Contracting Co. v. Maryland Casualty Co., 367 F.2d 341 (3 Cir.1966); Mayer v. Roche, 77 N.J.L. 681 (E. & A. 1909).
Under the circumstances existing here, there is nothing unreasonable or unfair in the agreement to be bound by New York law. The trial judge properly exercised his discretion *458 in dismissing the complaint without prejudice, and with permission to reinstate it in New Jersey if, for any reason, the New York courts decline to take jurisdiction.
Affirmed.