This is an action for unpaid rent on a lease of electronic equipment. The defendants have appeared specially and pleaded in abatement that the parties to the lease stipulated in paragraph twenty-two therein that any action or proceeding arising under the lease would be litigated only in courts located in New York state. The plaintiff has demurred to the plea on the *Page 100 
grounds that the stipulation seeks to oust this court of jurisdiction and is against public policy and unenforceable.
Paragraph twenty-two of the lease annexed to the complaint reads as follows:
"STIPULATION THAT AGREEMENT IS A LEASE UNDER NEW YORK LAW; VENUE OF LITIGATION; SERVICE OF PROCESS: It is hereby stipulated by and between the lessor and lessee that this agreement shall be deemed to be a lease. It is further stipulated that said lease was made in New York County, New York, regardless of the order in which the signatures of the parties shall be affixed thereto. And said lease shall be interpreted and the rights and liabilities of the parties here determined in accordance with the laws of the state of New York. As part of the consideration for the lessor's executing this lease, lessee hereby agrees that all actions or proceedings arising directly or indirectly from this lease shall be litigated only in courts located within the state of New York, and lessee hereby consents to the jurisdiction of any court located within the state of New York, and waives the personal service of any and all process upon the lessee herein, and consents that all such service of process may be made by certified or registered mail, return receipt requested, directed to the lessee at the address hereinabove stated; and service so made shall be complete five (5) days after the same have been posted as aforesaid."
Traditionally clauses of the type found in paragraph twenty-two of the lease were believed to divest courts of jurisdiction. Jurisdiction granted by law cannot be altered by private agreement. Any agreement which sought to do so was, therefore, held to be against public policy and unenforceable. That view was adopted by Connecticut in Parker, *Page 101 Peebles Knox v. El Saieh, 107 Conn. 545. In that case the plaintiff was attempting to garnish the defendant's funds which were held by an insurance company. The garnishee claimed lack of jurisdiction because a clause of its policy with the defendant limited litigation thereunder to courts of Haiti. The court held that the contract could not deprive it of jurisdiction over the action.
Parker, Peebles Knox was decided half a century ago. Over the years the trend of decisions in many courts has been towards giving effect to private jurisdictional arrangements under certain circumstances. The more recent decisions maintain the traditional view that a court cannot be ousted of jurisdiction by private agreement. Those agreements, however, are no longer viewed as affecting the jurisdiction of the courts. Decisions during the last twenty-five years make it clear that in the face of such an agreement a court retains the right to hear the case but that it is not bound to exercise that right. Where the agreement has been freely made and is not unreasonable, courts have declined to exercise their jurisdiction and have refused to proceed with the cause presented to them. Wm. H.Muller Co. v. Swedish American Line Ltd.,224 F.2d 806 (2d Cir.), cert. denied 350 U.S. 903;[1]Krenger v. Pennsylvania R. Co., 174 F.2d 556
(2d Cir.), cert. denied 338 U.S. 866; Chemical Carriers,Inc. v. L. Smit Co.'s Internationale Sleepdienst,154 F. Sup. 886 (S.D. N.Y.); Schwartz v. Zim *Page 102 Israel Navigation Co., 15 Misc.2d 576 (N.Y.);Berner v. United Airlines, Inc., 2d Misc.2d 260 (N.Y.); Central Contracting Co. v. C. E. Youngdahl Co., 418 Pa. 122.
This question has not been directly at issue in Connecticut since the change in thinking typified by the above-cited cases has taken place. In JohnsonAccoustics, Inc. v. P. J. Carlin Construction Co.,29 Conn. Sup. 457, the court refused to honor a clause limiting jurisdiction to New York courts. That case involved suit on a performance bond which limited litigation to courts of the state where the work was performed. The bond was required under General Statutes § 49-41. The court, discussing the modern rule as contained in the CentralContracting, Berner and Schwartz cases cited above, concluded (p. 459) that: "Whatever may be said about permitting individuals to contract between themselves as to the jurisdiction in which they will litigate their differences, subject to certain conditions explained in Central, supra, even the rule laid down in Central will not honor the provision of a private contract, where the statutory rights of one party are effectively erased by that provision, which thus, as in our case, subverts an important public policy." The court further pointed out that even were it to apply the modern rule it would not in this case have relinquished jurisdiction because the requirement of reasonableness had not been met. The terms of the bond limited litigation to Connecticut courts. If those courts refused to exercise jurisdiction, the plaintiff could not bring an action in any forum.
The implication to be drawn from Johnson is that the standard of Central Contracting should be applied in appropriate cases. The present action, involving no statutory right to resort to courts of this jurisdiction, appears to be such a case. *Page 103 
Applying the new standard, the court is willing to forgo its right to hear this action if paragraph twenty-two of the lease is not unreasonable. That type of provision has been held unreasonable if the agreed-to jurisdiction does not provide adequate remedies or if inconvenience results because related suits which could be joined can be brought only in the jurisdiction of the deciding court. ChemicalCarriers, Inc. v. L. Smit Co.'s InternationaleSleepdienst, supra. Conversely, if witnesses are available in the jurisdiction agreed upon, the remedies in both jurisdictions are similar and the agreed jurisdiction will deal with the action in a fair and just manner, the clause has been held to be reasonable.Wm. H. Muller Co. v. Swedish AmericanLine Ltd., supra. In Central Contracting Co. v.C. E. Youngdahl Co., supra, a similar agreement was found to be unreasonable only if, under the circumstances existing at the time of the litigation, its enforcement would seriously impair the plaintiff's ability to pursue his cause of action. Mere inconvenience and additional expense has not been equated with unreasonableness because it is assumed that the party who is inconvenienced has received consideration for the inclusion of the jurisdictional clause. Central Contracting Co. v. C. E.Youngdahl Co., supra.
The plaintiff in its demurrer has not alleged that paragraph twenty-two of the lease is unreasonable. Nor does that appear to be the case from the face of the contract. Paragraph twenty-two requires that the rights and liabilities of the parties be determined by the laws of the state of New York. Clearly then the remedy available to the plaintiff will be the same in either jurisdiction.
 Although adhering to the principle that it cannot be deprived of jurisdiction by private agreement,