This is an appeal by permission of this Court under Rule 5 (a), ARAP, from an order of the circuit court determining that it has jurisdiction of this cause, and that venue is properly in Lee County.
The plaintiff, Foster, purchased a tractor/truck from Redwing under a conditional sales contract. Foster is a resident of Alabama and Redwing is a Florida corporation which conducts business by agent in Lee County, Alabama. The conditional sales contract was signed by Foster in Alabama, but the contract states that it was executed in Florida and provides that "venue" for any suit brought on this contract is to be in Florida. The tractor/truck was then leased back to Redwing. The lease was executed in Alabama.
Foster was injured while driving this vehicle. He was pulling a trailer owned by Redwing. He alleges that Redwing negligently maintained the trailer and that this negligence caused the accident. The complaint also contained several contract counts which were severed from the tort counts. Redwing contends that those counts sounding in contract must be brought in Florida pursuant to the following provision in the Conditional Sales Contract:
 "19. Venue for any legal proceeding brought by either Seller or Purchaser, for enforcement of any right or remedy under this agreement, shall be in Tampa, Hillsborough County, Florida, unless specifically waived by the Seller."
In support of its position, Redwing cites Deeb, Incorporated v.Board of Public Instruction of Columbia County, 196 So.2d 22
(Fla.Dist.Ct.App. 1967) which states that:
 It is settled law in this state that the parties to an agreement may provide therein where suit may be brought to enforce it if such should become necessary.
196 So.2d at 24.
The Florida case involved a question of venue. Here, however, we are concerned with a jurisdictional question. There is a distinction between jurisdiction and venue. Jurisdiction refers to a court's inherent power to decide a case, Boswell v.Citronelle-Mobile Gathering, Inc., 292 Ala. 344, 294 So.2d 428
(1974); Alabama State Bar Assoc. v. Watson, 289 Ala. 729,272 So.2d 240 (1972); Ex parte Dothan-Houston County AirportAuthority, 282 Ala. 316, 211 So.2d 451 (1968), while venue designates the geographical situs in which a court with *Page 556 
jurisdiction may entertain a suit. Ex parte Dothan-HoustonCounty Airport Authority, supra; Associated Grocers v. GravesCo., 272 Ala. 158, 130 So.2d 17 (1961).
In the instant case the agreement does not govern venue, rather it waives the jurisdictional privilege of any domicile that the parties may be entitled to, divesting all courts of the power to hear and determine the cause except the courts of Hillsborough County, Florida.
We must determine whether parties may contractually divest a court of its jurisdiction. In Alabama, parties cannot confer jurisdiction by consent. Koppers Company v. Gulf Welding andConstruction, Inc., 285 Ala. 331, 231 So.2d 896 (1970). We have not been cited to a case in this jurisdiction, nor has our research revealed one which is exactly in point. The Court of Civil Appeals dealt with a similar situation in Hester v.Clinic Masters, Inc., 371 So.2d 915 (Ala.Civ.App. 1979). There, however, the foreign court had already assumed jurisdiction of the cause. We adopt the majority rule stated in 56 A.L.R.2d § 4, p. 306, to the effect that:
. . . contractual agreements by which it is sought to limit particular causes of action which may arise in the future to a specified place, are held invalid.
We consider contract provisions which attempt to limit the jurisdiction of the courts of this state to be invalid and unenforceable as being contrary to public policy. Parties may not confer jurisdiction by consent, nor may they limit the jurisdiction of a court by consent. This holding should not be confused with the rule that allows contracting parties, under certain circumstances, to agree that the substantive law of a certain state will govern the construction to be given a contract. 17 C.J.S. Contracts § 12 (3).
We conclude that the trial court properly exercised jurisdiction in refusing to dismiss the contract counts of Foster's complaint.
The order of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, SHORES[1] and EMBRY, JJ., concur.
[1] Justice Shores, sitting for Justice Bloodworth, has listened to the tape recording of oral argument.