SHORES, Justice.
On September 24,1981, AL FLA Plastics, Inc., filed suit in the circuit court of Baldwin County against Christopher Bailey, its employee, alleging breach of an agreement not to compete, and sought an injunction enforcing the noncompetition provision of its contract.
The complaint alleged that the plaintiff is a corporation organized under the laws of the State of Alabama with its principal place of business in Mobile, Alabama. It alleged that defendant Bailey is a resident citizen of Mobile County.
Within thirty days of the filing of this complaint, Bailey filed a motion to dismiss under Rule 12(b)(3), Alabama Rules of Civil Procedure, alleging that it affirmatively appeared from the face of the complaint that venue was not in Baldwin County. The motion was supported by an affidavit establishing that Bailey is and has been a resident of Mobile County .all of his life.
The trial court heard the motion, denied it, and ordered the injunction as prayed in the complaint.
Bailey then filed his petition for mandamus in this Court, seeking to vacate the order of the trial court denying his motion to dismiss because of improper venue. This is the appropriate remedy. Ex parte City of Huntsville Hospital Board, 366 So.2d 684 (Ala.1979).
Section 6-3-2(a)(2), Ala.Code 1975, provides:
“(a) In proceedings of a legal nature against individuals:

“(2) All actions on contracts, except as may be otherwise provided, must be commenced in the county in which the defendant or one of the defendants resides if such defendant has within the state a permanent residence.”
The petitioner/defendant’s permanent residence is Mobile County.
Apparently, plaintiff AL FLA Plastics is relying on a provision in its contract stating that it “shall be entitled, if it so elects, to institute and prosecute proceedings in any Court of competent jurisdiction, either in law or in equity, to obtain damages for any breach of this Agreement, or to enforce specific performance.... ”
Regardless of what the parties intended by this clause in the contract, it cannot be read to alter venue as provided by law. To so construe it would render it void under § 6-3-1, Ala.Code 1975, which states: “Any agreement or stipulation, verbal or written, whereby the venue prescribed in this article is proposed to be altered or changed so that actions may be commenced contrary to the provisions of this article, is void.”
The petition for writ of mandamus is granted.
WRIT GRANTED.
All the Justices concur.