436 So.2d 1094 (1983)
ZURICH INSURANCE COMPANY, a Foreign Company Authorized to Do Business in Florida, Appellant,
v.
Don ALLEN, Appellee.
No. 83-1188.
District Court of Appeal of Florida, Third District.
September 6, 1983.
*1095 Haddad, Josephs & Jack, Coral Gables, and Gary Gerrard, Miami, for appellant.
Proenza & White and H. Clay Roberts, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and DANIEL S. PEARSON, JJ.
PER CURIAM.
We hold that the trial court properly refused to enforce that provision of the insurance contract between Zurich Insurance Company and Allen which requires that actions under the contract be determined only by an Ontario, Canada court[1] and affirm the order under review which denied Zurich's motion to dismiss on grounds of improper venue Allen's Monroe County action brought under the uninsured motorist provision of his policy for injuries arising out of an accident in such county.
Although a substantial number of jurisdictions have adopted the rule that
"[W]hile private parties may not by contract prevent a court from asserting its jurisdiction or change the rules of venue, nevertheless, a court in which venue is proper and which has jurisdiction should decline to proceed with the cause when the parties have freely agreed that litigation shall be conducted in another forum and where such an agreement is not unreasonable at the time of litigation." Central Contracting Co. v. C.E. Youngdahl & Co., 418 Pa. 122, 133, 209 A.2d 810, 816 (1965),
see, e.g., M.S. Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); Abadou v. Trad, 624 P.2d 287 (Alaska 1981); Societe Jean Nicolas et Fils v. Mousseux, 123 Ariz. 59, 597 P.2d 541 (1979); Bos Material Handling, Inc. v. Crown Controls Corp., 137 Cal. App.3d 99, 186 Cal. Rptr. 740 (1982); Funding Systems Leasing Corp. v. Diaz, 34 Conn.Sup. 99, 378 A.2d 108 (Conn.C.P. 1977); Elia Corp. v. Paul N. Howard Co., 391 A.2d 214 (Del.Super. 1978); Prudential Resources Corp. v. Plunkett, 583 S.W.2d 97 (Ky.App. 1979); Hauenstein & Bermeister, Inc. v. Met-Fab Industries, Inc., 320 N.W.2d 886 (Minn. 1982); Electrical Products Consolidated v. Bodell, 132 Mont. 243, 316 P.2d 788 (1957); Air Economy Corp. v. Aero-Flow Dynamics, 122 N.J. Super. 456, 300 A.2d 856 (N.J.Super.App.Div. 1973); Export Insurance Co. v. Mitsui Steamship Co., 26 A.D.2d 436, 274 N.Y.S.2d 977 (N.Y. App. Div. 1966); Reeves v. Chem Industrial Co., 262 Or. 95, 495 P.2d 729 (1972); Central Contracting Co. v. C.E. Youngdahl & Co., 418 Pa. 122, 209 A.2d 810; St. John's Episcopal Mission Center v. South Carolina Department of Social Services, 276 S.C. 507, 280 S.E.2d 207 (1978); Green v. Clinic Masters, Inc., 272 N.W.2d 813 (S.D. 1978); Exum v. Vantage Press, Inc., 17 Wash. App. 477, 563 P.2d 1314 (1977); State ex rel. Kuhn v. Luchsinger, 231 Wis. 533, 286 N.W. 72 (1939); cf. Davenport Machine & Foundry Co. v. Adolph Coors Co., 314 N.W.2d 432 (Iowa 1982) (on a motion to dismiss based on forum non conveniens, a contractual agreement limiting venue, if fair, will be a factor considered by the court); see also Restatement (2d) of Conflict of Laws § 80 (1971) ("The parties' agreement as to the place of the action cannot oust a state of judicial jurisdiction, but such an agreement will be given effect unless it is unfair or unreasonable"), we continue to adhere to the rule announced in Huntley v. Alejandre, 139 So.2d 911 (Fla. 3d DCA), cert. denied, 146 So.2d 750 (1962):
"that an agreement to limit future causes of action .. . to the courts of a specific place is void as an attempt to oust the jurisdiction of all other courts over subsequent disputes arising out of the agreement." 139 So.2d at 912,
which itself commands a respectable following. See, e.g., Redwing Carriers, Inc. v. Foster, 382 So.2d 554 (Ala. 1980); Cartridge Rental Network v. Video Entertainment, Inc., 132 Ga. App. 748, 209 S.E.2d 132 (1974); *1096 McCarty v. Herrick, 41 Idaho 529, 240 P. 192 (1925); Gaither v. Charlotte Motor Car Co., 182 N.C. 498, 109 S.E. 362 (1921); Fidelity Union Life Insurance Co. v. Evans, 477 S.W.2d 535 (Tex. 1972); International Travelers' Association v. Branum, 109 Tex. 543, 212 S.W. 630 (1919); Petersen v. Ogden Union Railway & Depot Co., 110 Utah 573, 175 P.2d 744 (1946).
Affirmed.
NOTES
[1] Our determination that this provision is unenforceable makes it unnecessary to address appellee's further contentions that the provision was not freely entered into since mandated by Canadian law and that, in any event, it would be unreasonable to enforce the provision where all witnesses in the litigation are located in Florida.