MR. JUSTICE HUNT
delivered the Opinion of the Court.
*111 Relator Polaris Industries, Inc. filed an application for a writ of supervisory control asking this Court to reverse the Yellowstone County District Court’s order which refused to grant Polaris’ motion to dismiss an action filed against it by Midland Implement Company, Inc.
Three issues were raised: first, whether the District Court erred in denying Polaris’ motion to dismiss; second, whether a provision in an Agreement providing an exclusive out-of-state forum for litigar tion is valid and enforceable in Montana; and third, whether the District Court erred in holding that Polaris’ refusal to renew the Agreement rendered it void as a matter of law, thereby precluding Polaris from availing itself of the out-of-state forum provision of the Agreement. Because we hold the forum-selection clause is void, we need not address the remaining issues.
On April 7, 1982, Midland entered into a written Distributor Agreement with Polaris. The Agreement provides Polaris would manufacture snowmobiles for commercial sale, and Midland would act as distributor for the products.
The Agreement further provides that no action on claims arising from the Agreement may be maintained by Midland against Polaris in any court except in Hennepin County, Minnesota District Court, or in the United States District Court in Minneapolis, Minnesota. After one year, the Agreement expired of its own terms, leaving matters such as inventory and warranty claims between the parties unresolved.
Midland asserted that section 28-2-708, MCA renders the forum-selection clause void. We agree. That statute provides:
“Restraints upon legal proceedings void. Every stipulation or condition in a contract by which any party thereto is restricted from enforcing his rights under the contract by the usual proceedings in the ordinary tribunals or which limits the time within which he may thus enforce his rights is void.” (Emphasis added.)
The complaint of the plaintiff in this case comes within the provisions of the foregoing code section. The plaintiff seeks to enforce its right under its contract with Polaris by a “usual proceeding” in the “ordinary tribunals” of Montana. We hold that the forum-selection clause of the Agreement is void under the statute as an improper restraint upon the plaintiff’s exercise of its rights.
We, therefore, conclude that the District Court correctly denied Polaris’ motion to dismiss. We deny the application for writ of supervisory control.
*112 MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES HARRISON, MORRISON, GULBRANDSON and WEBER concur.