700 So.2d 347 (1997)
PROFESSIONAL INSURANCE CORPORATION, et al.
v.
James A. SUTHERLAND, et al.
1950372.
Supreme Court of Alabama.
July 18, 1997.
*348 Bruce F. Rogers and Alfred F. Smith, Jr., of Bainbridge, Mims, Rogers & Smith, L.L.P., Birmingham, for Professional Insurance Corporation and PennCorp.
James A. Byram of Balch & Bingham, Montgomery, for Jeff Sikora, Morris W. Pettit, and Homer Ray Smith.
Thomas T. Gallion III and Susan E. Kennedy of Haskell, Slaughter, Young, Johnston & Gallion, Montgomery, for appellees.
Bruce J. McKee of Hare, Wynn, Newell & Newton, Birmingham, for amicus curiae Alabama Trial Lawyers Ass'n, in support of the appellees' application for rehearing.

On Application for Rehearing
SHORES, Justice.
The opinion of March 28, 1997, is withdrawn, and the following opinion is substituted therefor.
This is an interlocutory appeal pursuant to Rule 5, Ala. R.App. P. The question presented is whether the Alabama courts should continue to refuse to enforce "outbound" forum selection clauses on the grounds that such clauses are against public policy and therefore void per se.[1] The trial court, relying upon precedent, refused to enforce certain forum selection clauses stating that any action brought on the contract between these parties would be brought in Florida. We now adopt the rule that such a provision should be enforced unless to do so would be unfair or unreasonable under the circumstances, and we remand the cause for further proceedings not inconsistent with this opinion.
The plaintiffs are independent insurance agents; they include four Georgia residents, James A. Sutherland, Scott Burrell, Michael Gammons, and James E. Thompson, and two Alabama residents, Goff Agency, Inc., and Anne Goff. The defendants are Professional Insurance Corporation (PIC); PennCorp Financial Group, Inc. (PennCorp), a financial holding company, which has acquired a controlling interest in PIC; and Homer Smith, a resident of Montgomery, Alabama, who is a former agent of Goff. The plaintiffs sued in the Circuit Court of Montgomery County, claiming breach of contract, interference with business relations, and fraudulent misrepresentation; *349 these claims were based on allegations that the defendants had attempted to secure insurance business and commissions away from the plaintiffs.
Each plaintiff had executed contracts with PIC to sell payroll deduction insurance plans to agencies and businesses in Alabama. All the plaintiffs and defendants are licensed to do business in Alabama, and during each respective contract period the plaintiffs did do business in Alabama for PIC. This dispute arises out of PIC's alleged scheme to terminate the plaintiffs' contracts rather than pay certain commissions owed on payroll deduction plans sold by the plaintiffs.
Each contract between PIC and the plaintiffs provided:
"This Contract is made subject to the laws of the State of Florida, and all compensation payable hereunder shall be payable at Jacksonville, Florida. In consideration of the execution of the Contract and other valuable considerations, You agree that any litigation resulting from the violation of the terms and conditions of this Contract by You or the Company shall be brought in Duval County, Florida."
(R. 70.) PIC filed numerous motions to dismiss the plaintiffs' complaint on the ground that the plaintiffs had agreed that any litigation resulting from the violation of the contract would be conducted in Duval County, Florida. The trial court denied all of those motions filed by the defendants, holding that forum selection clauses are invalid and unenforceable in Alabama and that Montgomery County was the proper forum.[2]
In Redwing Carriers, Inc. v. Foster, 382 So.2d 554 (Ala.1980), this Court adopted the "majority rule" stated in Annotation, "Validity of Contractual Provision Limiting Place or Court in Which Action May be Brought," 56 A.L.R.2d § 4, p. 306 (1957), to the effect that "contractual agreements by which it is sought to limit particular causes of action which may arise in the future to a specific place, are held invalid." Redwing Carriers, 382 So.2d at 556.
This Court construed the "outbound" forum selection provision at issue in Redwing Carriers as "divesting all courts of the power to hear and determine the cause except the courts of [the selected forum]." Id. We concluded: "[C]ontract provisions which attempt to limit the jurisdiction of the courts of this state [are] invalid and unenforceable as being contrary to public policy. Parties may not confer jurisdiction by consent, nor may they limit the jurisdiction of a court by consent." Id. This Court has adhered to this "jurisdictional" view in a line of subsequent cases. See Conticommodity Services, Inc. v. Transamerica Leasing, Inc., 473 So.2d 1053 (Ala.1985); Keelean v. Central Bank of the South, 544 So.2d 153 (Ala.1989); White-Spunner Constr., Inc. v. Cliff, 588 So.2d 865 (Ala.1991); Disctronics Ltd. v. Disc Manufacturing, Inc., 686 So.2d 1154 (Ala.1996).
For years, American courts generally followed similar reasoning and refused to give effect to forum selection clauses:
"The early cases in many jurisdictions that refused to enforce outbound forum selection clauses often relied upon an `ouster of jurisdiction' theory as the specific public policy argument supporting per se invalidity; it was said that the agreement of the parties should not operate to deprive a court of jurisdiction over parties and issues otherwise properly before that court."
High Life Sales Co. v. Brown-Forman Corp., 823 S.W.2d 493, 496 (Mo.1992).
However, in the wake of the United States Supreme Court's decision in M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), holding that such forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be `unreasonable' under the circumstances," id. at 10, 92 S.Ct. at 1913, many jurisdictions were influenced to reconsider their positions *350 on the issue.[3] In fact, the view that forum selection clauses such as those at issue in this case are per se invalid and unenforceable is now only held in a small minority of jurisdictions. Besides Alabama, only Iowa, Idaho, and Montana appear to hold that "outbound" forum selection provisions are per se unenforceable, and the latter two states do so based upon interpretations of state statutes. See Davenport Machine & Foundry Co. v. Adolph Coors Co., 314 N.W.2d 432 (Iowa 1982); Cerami-Kote, Inc. v. Energywave Corp., 116 Idaho 56, 773 P.2d 1143 (1989); State ex rel. Polaris Indus., Inc. v. District Court, 215 Mont. 110, 695 P.2d 471 (1985).
In M/S Bremen, supra, the Supreme Court recognized that modern cases had a different concept of the operation of forum selection clauses. The Court rejected the traditional argument that forum selection clauses "ousted" a court of jurisdiction as "hardly more than a vestigial legal fiction," stating that that argument reflected "something of a provincial attitude regarding the fairness of other tribunals." 407 U.S. at 12, 92 S.Ct. at 1914.
"No one seriously contends in this case that the forum-selection clause `ousted' the District Court of jurisdiction over [the] action. The threshold question is whether that court should have exercised its jurisdiction to do more than give effect to the legitimate expectations of the parties, manifested in their freely negotiated agreement, by specifically enforcing the forum clause."
Id. Thus, the Supreme Court reasoned that a court is not really deprived of jurisdiction by a forum selection clause. Rather, that Court said, a court exercises its jurisdiction by declining to hear the case, in recognition that it is neither unfair nor unreasonable under the circumstances to hold the parties to their bargain to litigate in the chosen forum. The M/S Bremen Court was also careful to state, however, that forum selection clauses are not always enforceable; that to be enforceable they must have been freely entered into, without the existence of fraud, undue influence, or overweening bargaining power; and that the chosen forum must be reasonable and not seriously inconvenient. Id. at 13, 17-18, 92 S.Ct. at 1916, 1917-18. See also Michael Mousa Karayanni, The Public Policy Exception to the Enforcement of Forum Selection Clauses, 34 Duq. L.Rev. 1009 (1996).
Of course, as an exercise of the Supreme Court's federal admiralty jurisdiction, see U.S. Const., Art. III, § 2, the decision in M/S Bremen does not mandate that state courts enforce forum selection provisions outside of an admiralty context. In declaring Alabama's law of contracts, this Court is free to independently assess the public policy of this state, subject only to the requirements of federal law. However, we, as have the courts of almost all other jurisdictions, do now find the Supreme Court's reasoning in M/S Bremen on this issue to be persuasive. Thus, we determine that "outbound" forum selection clauses such as those in this case are not void per se as against the public policy of Alabama.
*351 In their application for rehearing, the plaintiffs and the Alabama Trial Lawyers Association, as amicus curiae, argue that, even if the enforcement of "outbound" forum selection provisions is no longer considered contrary to the common-law public policy of Alabama, nonetheless § 6-3-1, Ala.Code 1975, operates as a statutory prohibition against the enforcement of such clauses. Section 6-3-1 provides: "Any agreement or stipulation, verbal or written, whereby the venue prescribed in this article is proposed to be altered or changed so that actions may be commenced contrary to the provisions of this article, is void." While it can hardly be doubted that the legislature has the authority to enact a statute that would prohibit the enforcement of forum selection clauses such as those at issue in this case, it is clear that § 6-3-1, Ala.Code 1975, is not such a provision.
Section 6-3-1 pertains only to agreements involving the venue statutes; it contains no reference to agreements concerning jurisdiction. In explaining the distinction between jurisdiction and venue, this Court, in Redwing Carriers, supra, recognized that jurisdiction refers to a court's inherent power to hear a case, while venue designates the geographical situs in which a court with jurisdiction may entertain an action. 382 So.2d at 555-56. And the Redwing Carriers Court specifically determined that the "outbound" forum selection clause in that case, which required that any litigation be brought in Tampa, Florida, did not involve a question of venue, but rather concerned jurisdiction. Id. at 555. Because the forum selection clauses in this case similarly stipulate that any lawsuit on the contracts "shall be brought in Duval County, Florida," we conclude that they also do not involve venue. Because § 6-3-1 pertains to the law of venue, which determines the intrastate situs of an action, it has no application to the interstate forum selection clauses at issue in this case.
Further, even if we were to assume that § 6-3-1 has some possible application to agreements relating to jurisdiction, the statute would still not nullify the forum selection clauses in this case. By its language, § 6-3-1 does not purport to void all agreements that seek to alter or change venue as it is prescribed by statute. Rather, § 6-3-1 prohibits only those agreements that propose to change venue "so that actions may be commenced contrary to the provisions of [the venue statutes]." Thus, only agreements seeking to confer venue upon an improper forum, by allowing an action to be brought where the venue statutes would not otherwise permit one, are invalid. Section 6-3-1 does not, however, prevent parties from agreeing to restrict actions to a particular forum that is authorized under the venue statutes. The cases cited by the appellees are not to the contrary. See Ex parte Parsons & Whittemore Alabama Pine Constr. Corp., 658 So.2d 414 (Ala.1995) (even if parties had agreed to arbitrate in Jefferson County, their agreement would not be effective to allow an action there because that county was not a proper venue); Ex parte Bailey, 410 So.2d 402 (Ala.1982) (contract provision allowing an action "in any Court of competent jurisdiction" could not be read to allow an action in Baldwin County when venue was proper only in Mobile County). The forum selection agreements in this case do not seek to confer upon an Alabama court jurisdiction that would not otherwise exist by law or to make any place a proper venue that would not otherwise by law be a proper venue. Therefore, § 6-3-1 would not be relevant in this case even if that Code section related to jurisdiction.
Because we no longer consider "outbound" forum selection clauses to be void per se as against public policy, and because we conclude that § 6-3-1, Ala.Code 1975, does not operate as a statutory prohibition against their enforcement, we now adopt the majority rule that a forum selection clause should be enforced so long as enforcing it is neither unfair nor unreasonable under the circumstances. However, the plaintiffs argue in their application for rehearing that the newly adopted rule should not be applied to the parties in this case, but, rather, should be applied prospectively only. The plaintiffs contend that when they were negotiating their contracts they relied upon the rule making forum selection provisions invalid in Alabama and that the rule we adopt today *352 represents a fundamental change in the substantive law of this state. Therefore, they claim, an application of the "new" rule against them would be an unfair retroactive application. We disagree.
"The determination of the retroactive or prospective application of a decision overruling a prior decision is a matter of judicial discretion that must be exercised on a case-by-case basis." Ex parte Coker, 575 So.2d 43, 51 (Ala.1990), citing City of Birmingham v. Blount County, 533 So.2d 534 (Ala.1988); State Dep't of Revenue v. Morrison Cafeterias Consol., Inc., 487 So.2d 898 (Ala.1985). Although circumstances occasionally dictate that judicial decisions be applied prospectively only, retroactive application of judgments is overwhelmingly the normal practice. McCullar v. Universal Underwriters Life Ins. Co., 687 So.2d 156 (Ala.1996) (plurality opinion). "Retroactivity `is in keeping with the traditional function of the courts to decide cases before them based upon their best current understanding of the law.... It also reflects the declaratory theory of law,... according to which the courts are understood only to find the law, not to make it.'" 687 So.2d 156, quoting James B. Beam Distilling Co. v. Georgia, 501 U.S. 529, 535-36, 111 S.Ct. 2439, 2443-44, 115 L.Ed.2d 481 (1991). While reliance upon prior law is an "important variable that must be appraised in every case presenting questions of prospectivity," we conclude that, as a policy matter, the application of this newly adopted rule to these parties "rewards the prevailing party on the appeal, thereby providing `an incentive for litigants to challenge existing rules of law that are in need of reform.'" Hosea O. Weaver & Sons, Inc. v. Towner, 663 So.2d 892, 899 (Ala.1995), quoting Prospective Application of Judicial Decisions, 33 Ala. L.Rev. 463, 473 (1982).
We conclude that it is fair to apply the rule enforcing forum selection clauses to the parties in this case. As noted previously, while American courts traditionally disfavored outbound forum selection clauses, the overwhelming trend, following the United States Supreme Court's decision in M/S Bremen, supra, has been toward allowing enforcement of those clauses. See n. 3, supra. That nationwide trend foreshadowed our adoption today of the rule that such clauses are not per se void, providing notice that Alabama might follow suit and thereby reducing the reliance these plaintiffs could reasonably have placed upon the continued viability of the traditional rule in Alabama. We also note that in none of those cases cited in n. 3, supra, cases from other jurisdictions rejecting the traditional rule, did a court fail to apply the rule of presumptive enforceability to the parties before the court, despite the fact that those cases also overruled prior law or involved questions of first impression. And, finally, we conclude that retroactive application would not unduly prejudice the plaintiffs, for they may still litigate their causes of action in the forum they agreed upon, even if the forum selection agreements are found to be enforceable.
Accordingly, this case must be remanded for reconsideration. On remand, the plaintiffs will have the burden of showing either (1) that enforcement of the forum selection clauses would be unfair on the basis that the contracts in this case were affected by fraud, undue influence, or overweening bargaining power or (2) that enforcement would be unreasonable on the basis that the chosen Florida forum would be seriously inconvenient for the trial of the action. We observe, however, that nothing in the record presently before us would support a refusal to enforce the forum selection clauses. The plaintiffs have not alleged fraud or undue influence or that the contracts were contracts of adhesion. All parties to this action are business entities, or business persons, that deal in the arena of insurance, where contracts are negotiated on a daily basis. The corporate defendants' headquarters are in Florida, where a majority of the witnesses and most documents related to this case are located. In fact, the trial court concluded that it was "no more inconvenient" to have the matter tried in Alabama than to have it tried in Florida, implying that the chosen Florida forum would not be seriously inconvenient.
The trial court's order denying the defendants' motion to dismiss is vacated, and this cause is remanded for further proceedings consistent with this opinion.
*353 OPINION OF MARCH 28, 1997, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; ORDER VACATED AND CAUSE REMANDED.
HOUSTON, KENNEDY, and COOK, JJ., concur.
HOOPER, C.J., and MADDOX and SEE, JJ., concur in the result.
MADDOX, Justice (concurring in the result).
I concur in the result reached by the majority because it vacates an order that refused to enforce the forum selection clause. In Keelean v. Central Bank of the South, 544 So.2d 153 (Ala.1989), I concurred specially and, citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), I wrote the following:
"I am of the opinion ... that contractual provisions providing for personal jurisdiction are valid and enforceable and do not violate any principles of due process. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985); National Equipment Rental, Ltd. v. Szukhent, 375 U.S. 311, 316, 84 S.Ct. 411, 414-15, 11 L.Ed.2d 354, 358 (1964). The Supreme Court said in the Burger King case:
"`We have noted that, because the personal jurisdiction is a waivable right, there are a "variety of legal arrangements" by which a litigant may give "express or implied consent to the personal jurisdiction of the court." Insurance Corp. of Ireland Limited v. Compagnie des Bauxites de Guinee, [456 U.S. 694, ... at 703, 102 S.Ct. 2099, at 2105, 72 L.Ed.2d 492 (1982)]. For example, particularly in the commercial context, parties frequently stipulate in advance to submit their controversies for resolution within a particular jurisdiction. See National Equipment Rental, Ltd. v. Szukhent, [375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964)]. Where such forum-selection provisions have been obtained through "freely negotiated" agreements and are not "unreasonable and unjust," The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972), their enforcement does not offend due process.'"
544 So.2d at 159 (Maddox, J., concurring specially).
The United States Supreme Court, in M/S Bremen, supra, adopted the view "that [forum selection] clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be `unreasonable' under the circumstances." 407 U.S. at 10, 92 S.Ct. at 1913. The Court further said that when "the choice of [the] forum [is] made in an arm's-length negotiation by experienced and sophisticated businessmen, and absent some compelling and countervailing reason it should be honored by the parties and enforced by the courts," id. at 12, 92 S.Ct. at 1914, and that the correct approach is to "enforce the forum clause specifically unless [the resisting party can] clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." Id. at 15, 92 S.Ct. at 1916.
In relation to the convenience of the forum to the parties, the Court in M/S Bremen held:
"Courts have also suggested that a forum clause, even though it is freely bargained for and contravenes no important public policy of the forum, may nevertheless be `unreasonable' and unenforceable if the chosen forum is seriously inconvenient for the trial of the action. Of course, where it can be said with reasonable assurance that at the time they entered the contract, the parties ... contemplated the claimed inconvenience, it is difficult to see why any such claim of inconvenience should be heard to render the forum clause unenforceable."
Id. at 16, 92 S.Ct. at 1917 (emphasis omitted; emphasis added).
Finally, in circumstances where the resisting party claims that the agreed-upon forum is inconvenient, that party must show "that trial in the contractual forum will be so gravely difficult and inconvenient that [the resisting party] will for all practical purposes *354 be deprived of his day in court." Id. at 18, 92 S.Ct. at 1917.
I believe that the principles stated by the United States Supreme Court in M/S Bremen,[4] supra, concerning forum selection clauses are applicable to this case. Therefore, I must respectfully concur in the result.
HOOPER, C.J., and SEE, J., concur.
NOTES
[1] An "outbound" forum selection clause is one providing for trial outside of Alabama, while an "inbound" clause provides for trial inside Alabama. See High Life Sales Co. v. Brown-Forman Corp., 823 S.W.2d 493, 495 (Mo.1992). In this case, we are concerned only with the former.
[2] The trial court amended that holding to state also that a controlling question of law existed upon which there is substantial ground for differences of opinion, and it permitted the defendants to request permission to appeal to this Court. This Court on January 4, 1996, granted permission to appeal.
[3] Volkswagenwerk, A.G. v. Klippan, GmbH, 611 P.2d 498 (Alaska 1980), cert. denied, 449 U.S. 974, 101 S.Ct. 385, 66 L.Ed.2d 236 (1980); Societe Jean Nicolas et Fils v. Mousseux, 123 Ariz. 59, 597 P.2d 541 (1979); SD Leasing, Inc. v. Al Spain & Assocs., Inc., 277 Ark. 178, 640 S.W.2d 451 (1982); Smith, Valentino & Smith, Inc. v. Superior Ct. of Los Angeles County, 17 Cal.3d 491, 131 Cal.Rptr. 374, 551 P.2d 1206 (1976); ABC Mobile Sys., Inc. v. Harvey, 701 P.2d 137 (Colo.App.1985); Funding Sys. Leasing Corp. v. Diaz, 34 Conn.Supp. 99, 378 A.2d 108 (Conn. Common Pl. 1977); Elia Corp. v. Paul N. Howard Co., 391 A.2d 214 (Del.Super.1978); Manrique v. Fabbri, 493 So.2d 437 (Fla.1986); Calanca v. D & S Mfg. Co., 157 Ill.App.3d 85, 109 Ill.Dec. 400, 510 N.E.2d 21 (1987); Prudential Resources Corp. v. Plunkett, 583 S.W.2d 97 (Ky.App.1979); Hauenstein & Bermeister, Inc. v. Met-Fab Indus., Inc., 320 N.W.2d 886 (Minn.1982); High Life Sales Co. v. Brown-Forman Corp., 823 S.W.2d 493 (Mo.1992); Air Economy Corp. v. Aero-Flow Dynamics, Inc., 122 N.J.Super. 456, 300 A.2d 856 (1973); Credit Francais Int'l, S.A. v. Sociedad Financiera De Comercio, C.A., 128 Misc.2d 564, 490 N.Y.S.2d 670 (N.Y.Sup.1985); United Standard Management Corp. v. Mahoning Valley Solar Resources, Inc., 16 Ohio App.3d 476, 476 N.E.2d 724 (1984); Reeves v. Chem Indus. Co., 262 Or. 95, 495 P.2d 729 (1972); St. John's Episcopal Mission Ctr. v. South Carolina Dep't of Social Services, 276 S.C. 507, 280 S.E.2d 207 (1981); Green v. Clinic Masters, Inc., 272 N.W.2d 813 (S.D.1978); International Collection Serv., Inc. v. Gibbs, 147 Vt. 105, 510 A.2d 1325 (1986).
[4] See also Michael Mousa Karayanni, The Public Policy Exception to the Enforcement of Forum Selection Clauses, 34 Duq. L.Rev. 1009 (1996); Brian Mattis, Forum Selection Clauses in Florida, 6 St. Thomas L.Rev. 247, at 258 (1994); Michael E. Solimine, Forum Selection Clauses and the Privatization of Procedure, 25 Cornell Int'l L.J. 51, at 57, 63, 91 (1992).