782 So.2d 188 (2000)
Ex parte CTB, INC.
(Re Joe Murphy v. CTB, INC., et al.)
1990119.
Supreme Court of Alabama.
July 28, 2000.
Rehearing Denied October 27, 2000.
*190 F. Chadwick Morriss, Mitch Henry, and William H. Webster of Rushton, Stakely, Johnson & Garrett, P.A., Montgomery, for petitioner.
Jere L. Beasley and Tiernan W. Luck III of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., Montgomery, for respondent.
PER CURIAM.
CTB, Inc., a defendant in an action pending in the Pike Circuit Court, petitions for a writ of mandamus directing the circuit court to enforce a clause in its contract with the plaintiff Joe Murphya clause it refers to as an "outbound" forum selection clauseby dismissing the plaintiff's action without prejudice. We deny the writ.
In 1998, Joe Murphy, a poultry grower in Pike County, contracted to become a poultry grower with Charoen Pokphand (USA), Inc., an international poultry integrator from Thailand. Under Murphy's agreement with Pokphand, he was required to have CTB construct the broiler houses in which to grow the chickens. Murphy ultimately entered a $496,000 contract with CTB for it to construct four broiler houses. The contract contained this clause:
"21. Governing Law. This Contract will be construed and enforced under the laws of the State of Indiana (but not giving effect to any conflict of laws provisions), and Grower [Murphy] consents to jurisdiction and venue in the Federal and State Courts located in Indiana."
In June 1999, Murphy sued CTB over the quality of CTB's performance, asserting breach of contract, fraud, negligence, wantonness, intentional interference with business and contractual relations, and conspiracy.[1] CTB moved "to dismiss, or, in the alternative for a more definite statement, or, in the alternative, ... to transfer," raising, among other things, the contract's Paragraph 21. The trial court denied the motion.
Although this Court has previously held that "outbound" forum-selection clauses providing for a trial outside Alabama are "agreements concerning jurisdiction," Professional Ins. Corp. v. Sutherland, 700 So.2d 347, 351 (Ala.1997), we now recognize that such agreements actually "implicate the venue of a court, and not its subject-matter jurisdiction." O'Brien Eng'g Co. v. Continental Machs., Inc., 738 So.2d 844, 849 (Ala.1999) (See, J., dissenting). "The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus." Ex parte National Security Ins. Co., 727 So.2d 788, 789 (Ala.1998). "Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995).
In Sutherland, this Court adopted the majority rule, by which an "outbound" forum-selection clause is upheld unless the party challenging the clause clearly establishes that it would be unfair or unreasonable under the circumstances *191 to hold the parties to their bargain. 700 So.2d at 351. The challenging party can meet its burden by clearly establishing "(1) that enforcement of the forum selection clause[ ] would be unfair on the basis that the contract[ ][was] affected by fraud, undue influence, or overweening bargaining power or (2) that enforcement would be unreasonable on the basis that the chosen ... forum would be seriously inconvenient for the trial of the action." Id. at 352. Because "[i]t is a difficult burden to defeat a forum selection clause[,]" Smith v. Professional Claims, Inc., 19 F.Supp.2d 1276, 1282 (M.D.Ala. 1998), such clauses will usually be enforced. Murphy concedes that the contract was not affected by either fraud or undue influence. He argues, however, that enforcement of the forum-selection clause would be unfair because, he says, he "had no meaningful choice in the selection of the contractor to build the broiler houses" and because the forum selection clause was contained in a "preprinted" contract.
We have carefully considered the arguments of the parties concerning the reasonableness of enforcing the forum-selection clause. However, we find it unnecessary to address those arguments, because the trial court's order is due to be upheld for a more fundamental reason.
It is well established that even in a direct appeal, where our standard of review is much less stringent than the standard by which we review a petition for the writ of mandamus, this Court must affirm the judgment of the trial court if that judgment is supported by any valid legal ground, even if that ground was not argued before the trial court or this Court. Smith v. Equifax Servs., Inc., 537 So.2d 463, 465 (Ala.1988).
As we noted, the clause at issue in the contract between CTB and Murphy reads:
"21. Governing Law. This Contract will be construed and enforced under the laws of the State of Indiana (but not giving effect to any conflict of laws provisions), and Grower [Murphy] consents to jurisdiction and venue in the Federal and State Courts located in Indiana."
Clearly, under this clause, Indiana law must be applied wherever an action is filed; however, we see nothing in the clause that compels Murphy to file his claim in the federal or state courts located in Indiana. By this clause, Murphy waives the right to claim lack of personal jurisdiction in the event an action is filed against him in Indiana to "construe" or "enforce" the contract; however, nothing in the clause requires that any action involving these parties be filed in Indiana.[2] This clause is different from the clause construed in Professional Insurance Corp. v. Sutherland, supra; that clause read, in part:
"In consideration of the execution of the Contract and other valuable considerations, You agree that any litigation resulting from the violation of the terms and conditions of this Contract by You or the Company shall be brought in Duval County, Florida."

700 So.2d at 349 (emphasis added). It is also different from the outbound forum-selection clauses that this Court enforced in O'Brien Eng'g Co. v. Continental Machs., Inc., supra, and Ex parte Northern Capital Resource Corp., 751 So.2d 12, 13 (Ala.1999).
Because CTB drafted the clause, together with the entire contract containing the clause, we must construe the contract most strictly against CTB. See Premiere *192 Chevrolet, Inc. v. Headrick, 748 So.2d 891 (Ala.1999); Rogers Found. Repair, Inc. v. Powell, 748 So.2d 869 (Ala. 1999); and Jewell v. Jackson & Whitsitt Cotton Co., 294 Ala. 112, 313 So.2d 157 (1975). Given this construction of the contract, we conclude that CTB has failed to establish the "clear legal right" required for the issuance of a writ of mandamus. See Ex parte Integon Corp., supra.
The petition for the writ of mandamus is denied.
WRIT DENIED.
HOOPER, C.J., and MADDOX, HOUSTON, COOK, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.
SEE, J., concurs specially.
SEE, Justice (concurring specially).
I concur. I write specially to address the fact that Murphy does not dispute CTB's argument that Paragraph 21 of the parties' contract, which CTB calls a forum-selection clause, mandates that all actions related to the parties' contract be filed in Indiana.
One might infer from the fact that Murphy does not dispute CTB's argument, that Murphy agrees to that interpretation of the provision. Although "[t]he intention of the parties controls in construing a written contract, ... the intention of the parties is to be derived from the contract itself, where the language is plain and unambiguous." Loerch v. National Bank of Commerce of Birmingham, 624 So.2d 552, 553 (Ala.1993). Thus, "if a written contract exists [and the terms of the contract are not ambiguous], the rights of the parties are controlled by that contract and parol evidence is not admissible to contradict, vary, add to, or subtract from its terms." Marriott Int'l, Inc. v. deCelle, 722 So.2d 760, 762 (Ala.1998); see also Ex parte South Carolina Ins. Co., 683 So.2d 987, 989 (Ala.1996) ("It is settled law that if in its terms a contract is plain and free from ambiguity, then there is no room for construction and it is the duty of the court to enforce it as written."). The question whether a contract is ambiguous is a question of law. Ex parte Conaway, 767 So.2d 1117 (Ala.2000); Sealing Equip. Prods. Co. v. Velarde, 644 So.2d 904, 908 (Ala.1994). The paragraph at issue here provides that Murphy "consents to jurisdiction and venue in the Federal and State Courts located in Indiana." This language is not ambiguous. It clearly means that Murphy expressly consents to the personal jurisdiction of Indiana courts. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 n. 14, 481-82, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). It does not require that all actions concerning the contract be filed in Indiana. Because this language is plain and unambiguous, neither Murphy nor CTB can vary or contradict it, and this Court must enforce it as written. Accordingly, I conclude that the trial properly denied CTB's motion to dismiss for improper venue.
NOTES
[1] Murphy also sued Farm Systems, Inc., James Justice, Jr., and several fictitiously named defendants. These parties, however, are not before this Court.
[2] See John Boutari & Son, Wines & Spirits, S.A. v. Attiki Importers & Distribs. Inc., 22 F.3d 51, 52 (2d Cir.1994); Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75, 76 (9th Cir.1987).