I concur in the main opinion's modification of category (4) of the Ex parte Cranman, 792 So.2d 392 (Ala. 2000), restatement and in the conclusion reached in that opinion that Officer Davis is immune from civil liability in his individual capacity and that the City is thus entitled to a summary judgment on the Hollises' vicarious-liability claim. I write only because I am concerned about the following language in the main opinion:
 "On appeal following remand, this Court has not been asked to modify category *Page 310 
(4) of the Cranman restatement. Nevertheless, `this Court will affirm a judgment for any reason supported by the record that satisfies the requirements of due process.' Smith v. Mark Dodge, Inc., 934 So.2d 375, 380 (Ala. 2006) (citing Taylor v. Stevenson, 820 So.2d 810, 814
(Ala. 2001)). By giving notice to the bench and bar of the possibility of a future clarification of immune category (4) of the Cranman criteria, Justice Lyons's special writing in Hollis I satisfies the due-process-requirements concern noted in Mark Dodge. Consequently, this Court is free to modify category (4) of the Cranman restatement."
950 So.2d at 308-09 (footnote omitted).
This language could be read to suggest that this Court is required by the Due Process Clause of the Constitution of the United States to give some type of warning to litigants before we can modify or overrule court-made law. In other words, that absent some kind of foreshadowing, we may act only prospectively. Such an inference is incorrect. Our traditional function is to decide cases before us upon our "`"best current understanding of the law."'" Professional Ins. Corp. v.Sutherland, 700 So.2d 347, 352 (Ala. 1997) (quoting other cases). Retroactive application of our decisions is in keeping with that traditional function and is "overwhelmingly the normal practice." Id.
It is true, as the main opinion indicates, that the rule that we may affirm a trial court's judgment "for any reason supported by the record" is constrained by the requirements of due process. However, the due-process concern addresses a lack of notice of the issues that are before the court, when that lack of notice denies a party the opportunity to address the issues upon which the case turns and thereby effectively denies the party his "day in court." Liberty Nat'l Life Ins. Co.v. University of Alabama Health Servs. Found., P.C.,881 So.2d 1013, 1020 (Ala. 2003).[2] That due-process requirement does not constrain our traditional practice of deciding cases before us under our best current understanding of the law and applying those decisions retroactively.[3]
[2]
 "[T]his Court will affirm the trial court on any valid legal ground presented by the record, regardless of whether that ground was considered, or even if it was rejected, by the trial court. . . . This rule fails in application only where due-process constraints require some notice at the trial level, which was omitted, of the basis that would otherwise support an affirmance, such as when a totally omitted affirmative defense might, if available for consideration, suffice to affirm a judgment, Ameriquest Mortgage Co. v. Bentley, 851 So.2d 458 (Ala. 2002), or where a summary-judgment movant has not asserted before the trial court a failure of the nonmovant's evidence on an element of a claim or defense and therefore has not shifted the burden of producing substantial evidence in support of that element, Rector v. Better Houses, Inc., 820 So.2d 75, 80 (Ala. 2001) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and Kennedy v. Western Sizzlin Corp., 857 So.2d 71 (Ala. 2003))."
Liberty Nat'l Life Ins. Co. v. University of AlabamaHealth Servs. Found., P.C., 881 So.2d at 1020.
[3] The Supreme Court of the United States has said that it will consider, as one factor in deciding whether to apply a new rule of law prospectively only, whether the new decision overrules clear past precedent or decides an issue of first impression the resolution of which was not clearly foreshadowed. Chevron Oil Co. v. Huson, 404 U.S. 97,106-07, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). The lack of foreshadowing, however, does not pose a due-process problem. We also note that the Supreme Court of the United State held inHarper v. Virginia Department of Taxation,509 U.S. 86, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993):
 "[A]n opinion announcing a rule of federal law `is properly understood to have followed the normal rule of retroactive application' and must be `read to hold . . . that its rule should apply retroactively to the litigants then before the Court.' [James B.] Beam [Distilling Co. v. Georgia,] 501 U.S. [529], 539 [(1991)]."
509 U.S. at 97-98, 113 S.Ct. 2510, 125 L.Ed.2d 74. *Page 311