**ELIA CORPORATION, a Pennsylvania Corporation, Plaintiff,**

v.

**PAUL N. HOWARD COMPANY, a North Carolina Corporation, Defendant.**

Superior Court of Delaware, Sussex County.

Submitted June 30, 1978.

Decided July 6, 1978.

Robert L. Halbrook of Wilson, Halbrook, Bayard & Bunting, Georgetown, for plaintiff.

Richard F. Stokes of Tunnell & Raysor, Georgetown, for defendant.

## OPINION

TEASE, Judge.

In this case of first impression in Delaware the defendant has moved to dismiss the complaint on the basis of a prorogation clause in the contract between the parties which provides that " . . . any legal action hereunder by the Subcontractor [Elia —plaintiff herein] against the Contractor [Howard—defendant herein] shall be brought in Guilford County, North Carolina." The home office of the plaintiff is in Scranton, Pennsylvania, and of the defendant in Greensboro, North Carolina. The defendant contracted with Sussex County Council for the construction of a wastewater collection system and subcontracted with plaintiff for portions of that work.

A dispute of substantial proportions has arisen between them, resulting in this suit and the pending motion by Howard to dismiss the complaint.

■ While no Delaware decisions could be found which are directly on point, a Pennsylvania Supreme Court decision has considered a similar contractual provision. I think it correctly states the law applicable to these situations. The court first recognized the general proposition that private parties can not change by contract the rules of jurisdiction or venue in any state. Jurisdiction over a party or subject matter, or venue of a cause, can not be determined by private bargaining where there is no other

**216**

basis for such jurisdiction or venue. *Central Contracting Co. v. C. E. Youngdahl & Co.,* 418 Pa. 122, 209 A.2d 810 (1965).

However, even though venue is proper where suit is filed and a court of competent jurisdiction exists, that court should decline to proceed with the cause when the parties have freely agreed that litigation shall be conducted in another forum and where such agreement is not unreasonable at the time of litigation. Such an agreement is unreasonable only when its enforcement would, under the circumstances then existing, seriously impair the plaintiff's ability to pursue his cause of action. *Central Contracting Co., supra.*

Mere inconvenience or additional expense is not the test of unreasonableness because it may be assumed that the plaintiff bargained good consideration for those things when he contracted with the defendant. If the agreed upon forum is available to the plaintiff and can do substantial justice to the cause of action then the plaintiff should be bound by his bargain. Moreover, he has the burden of proving the unreasonableness of the prorogation agreement. *Central Contracting Co., supra.*

In 1973 the above principles were approved by the U. S. District Court for the Western District of Pennsylvania in *Spatz v. Nascone,* 364 F.Supp. 967, and in 1972 by the U. S. Supreme Court in *MS Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513.

In *MS Bremen* Chief Justice Burger characterized the argument that a forum selection clause would oust a proper court of its recognized jurisdiction as a "legal fiction" now inappropriate "when businesses once essentially local now operate in world markets."

The logistics of the present case refute, along with Justice. Burger, the provincialism once thought important to settlement of these disputes.

The "public policy" decisions of the courts of New York, cited by the plaintiff, are either distinguishable on their facts or unpersuasive.

On the "reasonableness" question, plaintiff argues that a Court of Appeals of the District of Columbia case should control and that the factors set out therein should test the question. They are (a) the law governing the formation and construction of the contract, (b) the residences of the parties, (c) the place of execution and/or performance, and (d) the location of the parties and witnesses probably involved in the litigation.

The first three elements of the test need no comment from the Court except that they are inapposite. The only fairly arguable position of the plaintiff is the location of the parties and probable witnesses. A closer examination of that aspect of the argument leaves little doubt that a suit in North Carolina is reasonable. One of the plaintiff's own witnesses must come from Great Britain and the principal of the corporation himself from Scranton. The defendant's witnesses are already in North Carolina and any Sussex County witnesses can be deposed or travel the relatively short distance to North Carolina.

The complaint must be, and it is hereby, dismissed.