# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

SHIRLEY A. DILLON and )
HENRY D. DILLON, )
                                      )
    Plaintiffs-Below/Appellants, )
                                      )
        v. )        **C.A. No. CPU4-22-000828**
                                        )
QUALITY ECO )
TECHNOLOGIES C/O )
SHAWN BRAINARD )
                                      )
    Defendant-Below/Appellee. )

Submitted: September 11, 2022
Decided: November 1, 2022

George E. Evans, Esq.
1000 N. West Street, Suite 1264
Wilmington, DE 19801
*Attorney for Plaintiffs*

William P. Brady, Esq.
240 N. James St., Suite 106
Wilmington, DE 19804
*Attorney for Defendant*

## Decision on Defendant's Motion to Dismiss

**DANBERG, CJ.**

In this breach of contract action, Defendant's Motion to Dismiss is **GRANTED** without prejudice because, under the contract, the parties agreed the courts of Virginia shall have exclusive jurisdiction over any claims arising under the agreement and the proper forum for the adjudication of any dispute lies in Chesterfield County, Virginia. The Motion is granted for the reasons set forth below.

### Facts and Procedural History

On April 13, 2022, Shirley A. Dillon, and Henry D. Dillon ("Plaintiffs") filed a JP Court Appeal against Quality Eco Technologies ("Defendant"). Plaintiffs bring this breach of contract claim against Defendant for a judgment of $15,000 together with interest and cost of this matter.

Plaintiffs allege they entered into an agreement with Defendant for a multi-layer water filtration system and eco probiotic products on January 31, 2020.[1] On February 5, 2020, Defendant installed the products in Plaintiffs' home, but the products failed to perform properly.[2] Plaintiffs contend that after months of subsequent calls to Defendant for service on the failed products, they were informed by Shawn Brainard, owner of the company, that Defendant was not going to comply with its promises regarding its products.[3]

---

[1] Plaintiffs' Complaint.
[2] Plaintiffs state the products cost $9,987.28, but due to the need to get financing from a third party there was an additional interest cost of $5,012.72. Plaintiffs' Complaint.
[3] *Id.*

On June 10, 2022, Defendant filed a Motion to Dismiss under Civil Rules 17 and 12. Under Civil Rule 17(a), Defendant claims Plaintiff Shirley A. Dillon was not a real party in interest because she did not sign the agreement and thus must be dismissed. Under Civil Rule 12(b)(3), Defendant alleges improper venue because there is a forum selection clause within the contract, which indicates the courts of Chesterfield County, Virginia has exclusive jurisdiction over the agreement.

On July 1, 2022, a hearing was held on the Motion to Dismiss. The Court heard oral argument concerning the enforceability of the forum selection clause. The Court allowed Plaintiffs 30-days to supplement the record with an affidavit supporting the notion that the forum selection clause is unreasonable because enforcement of the clause would cause a hardship to Plaintiffs. Defendant was allowed 30-days to respond. The Court reserved decision.

## Standard of Review

When considering a motion to dismiss, the Court must view the record "in a light most favorable to the non-moving party, and all reasonable inferences are considered most strongly in favor of the plaintiff".[4] A motion to dismiss based upon a forum selection clause is considered under the Court of Common Pleas Civil Rule 12(b)(3), improper venue.[5] Under this standard, the Court "is not shackled to the

---

[4] *Halpern Eye Assoc., P.A. v. E.A. Crowell & Assoc., Inc*, 2007 WL 3231617 (Del. Comm. Pl. Sept. 18, 2007).
[5] *Id.*

plaintiff's complaint and is permitted to consider extrinsic evidence from the outset".[6]

## Party Contentions

Plaintiffs contend that the forum selection clause is unreasonable and should not be enforced because the travel to the contractual forum would cause "an extreme and overwhelming hardship" to Plaintiffs due to their age, health, and income.[7]

It is Defendant's position that Plaintiffs' have failed to meet their burden of establishing that the forum selection clause is unreasonable because Plaintiffs have not demonstrated sufficient hardship to overcome the well-settled precedent of enforcing forum selection clauses, and thus the clause is enforceable.[8]

## Discussion

Delaware courts have found that "forum selection clauses are *prima facie* valid and should be enforced unless the resisting party can show the clause is unreasonable under the circumstances".[9] "Such an agreement is only unreasonable when its enforcement would seriously impair the plaintiff's ability to pursue his cause of action".[10] A mere inconvenience or additional cost is not sufficient to

---

[6] Affidavit of Shirley A. Dillon and Henry D. Dillon to Supplement the Record ("Plaintiffs' Affidavit").
[7] *Id.* At the hearing on July 1, 2022, Plaintiffs also argued the forum selection clause was unenforceable because Plaintiff Henry Dillon failed to read the clause, and nor did Defendant's agent bring the clause to his attention. The Court determined that people who have signed a contract are deemed to have read and understood it.
[8] Defendant's Response to Plaintiffs Supplemental Affidavit ("Defendant's Response").
[9] *Meli v. Rembrandt IP Mgmt, LLC*, 2010 WL 2681853 (Del. Super. June 28, 2010) (It is the general rule in Delaware courts that "where a forum selection clause within a contract is freely negotiated between the parties, the court should decline to proceed, even when venue where the suit is filed is proper").
[10] *HealthTrio, Inc. v. Margules*, 2007 WL 544156 (Del. Super. Jan. 16, 2007).

establish unreasonableness.[11] The plaintiff has the heavy burden of showing that the contractual forum would be so "manifestly and gravely inconvenient" the plaintiff would effectively be deprived of a meaningful day in court.[12]

In the instant case, Plaintiffs argue the forum selection clause is unreasonable because travel to Virginia would be an "extreme and overwhelming hardship" due to Plaintiffs' age, health, and income.[13] While traveling the short distance to Virginia may be inconvenient for Plaintiffs due to their age, health and income, such travel is not so "manifestly and gravely inconvenient" that Plaintiffs would effectively be deprived of their ability to pursue their cause of action.[14] Virginia is not a remote alien forum that would require Plaintiffs to travel overseas or even across the country.[15] In *Elia Corp v. Paul N. Howard*, the Superior Court upheld the enforcement of a forum selection clause and determined that any of the plaintiff's witnesses who were located in Sussex County could be deposed or travel the short distance to North Carolina.[16] Here, Plaintiffs witnesses could also be deposed or travel the relatively short distance to Virginia. Further, the additional expense

---

[11] *Id.* (stating "it should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court") (quoting *M/S Breman v. Zapata Off-Shore Co.*, 407 U.S. 1, at 18 (1972)).

[12] *See M/S Bremen*, 407 U.S. at 19.

[13] Plaintiffs' Affidavit.

[14] *HealthTrio*, 2007 WL 544156, *4 (finding that the inconvenience of distance to the contractual forum fell into the category of "mere inconvenience or additional expense"); *Elia Corp. v. Paul N. Howard Co.*, 391 A.2d 214, 216 (determining North Carolina was only a short distance for non-local witnesses to travel). *Capital Group Companies, Inc. v. Armour*, 2004 WL 2521295 (Del. Ch. Oct. 29, 2004) (concluding the forum selection clause was reasonable despite Plaintiff having to hire local counsel, travel to and from California, and being unable to care for her three children).

[15] *M/S Bremen*, 407 U.S. at 16.

[16] *Elia Corp. v. Paul N. Howard Co.*, 391 A.2d 214, 216.

incurred due to having to travel to Virginia is not enough to find the forum selection clause unreasonable.[17] Plaintiffs' age and health may complicate their ability to travel to Virginia, however, such things do not make litigating in Virginia so "manifestly and gravely inconvenient" that Plaintiffs would effectively be deprived of their ability to pursue their cause of action. Therefore, the Court concludes Plaintiffs have failed to meet the heavy burden necessary to find a forum selection unreasonable and thus concludes the forum selection clause is reasonable and enforceable.

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED this 1ˢᵗ day of November, 2022.**

The Honorable Carl C. Danberg
Chief Judge

cc:     Patricia Thomas, Judicial Case Manager

---

[17] *HealthTrio*, 2007 WL 544156, *4.