**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

JAMIE M. COURTNEY,          )
                                       )

    Plaintiff,           )

                                       )  C.A. No.  N15C-01-027 CLS

      v.                 )

                                       )

INTUITIVE SURGICAL, INC.,   )
et al.,                             )

                                       )

    Defendants.     )

                                       )
                                       )
                                       )
                                       )
                                       )

On Defendant Intuitive Surgical, Inc.'s Motion to Dismiss.
**DENIED in part and GRANTED in part.**

## ORDER

On this 30th day of October, 2015 and upon Defendant Intuitive Surgical, Inc.'s ("Intuitive") Motion to Dismiss, the Court finds as follows:[1]

Plaintiff Jamie Courtney ("Ms. Courtney") has filed a complaint against certain health care defendants alleging medical negligence, and against Intuitive alleging negligence and liability for a product defect in a surgical robot system that was utilized in surgery on Ms. Courtney.  On March 30, 2015, Intuitive moved for

---

[1] As a general matter, the Court reminds the parties of the importance of proper citation in their submissions to the Court.  Citations that are substantially and repeatedly incorrect are unnecessarily cumbersome on the Court in assessing the parties' arguments.

to dismiss Ms. Courtney's claims against it under Superior Court Civil Rule 12(b)(3) for improper venue. Alternatively, Intuitive moved to dismiss Ms. Courtney's strict products liability claim against it, on the basis that no such cause of action exists under Delaware law. Ms. Courtney does not oppose Intuitive's motion to dismiss her strict products liability claim. Ms. Courtney does, however, oppose Intuitive's motion to dismiss under Rule 12(b)(3), on the basis that the forum selection clause referenced by Intuitive is not enforceable against her.

Superior Court Civil Rule 12(b)(3) governs a motion to dismiss for improper venue. In determining a motion to dismiss for improper venue, the Court may consider extrinsic evidence from the outset, and may grant dismissal before the commencement of discovery on the basis of affidavits and documentary evidence in the record.[2] The Court should "give effect to the terms of private agreements to resolve disputes in a designated judicial forum out of respect for the parties' contractual designation."[3]

Delaware courts will grant a motion to dismiss based upon a forum selection clause where the parties "use express language clearly indicating that the forum selection clause excludes all other courts before which those parties could otherwise properly bring an action."[4] Moreover, forum selection clauses may be

---

[2] *Loveman v. Nusmile, Inc.*, 2009 WL 847655, *2 (Del. Super. Mar. 31, 2009).
[3] *Id.*
[4] *Eisenbud v. Omnitech Corp. Solutions, Inc.*, 1996 WL 162245, *1 (Del. Ch. Mar. 21, 1996).

applied to tort claims, as well as contract claims.[5] Where contracting parties have expressly agreed upon a legally enforceable forum selection clause, a court should honor the parties' contract and enforce the clause.[6] A valid contract exists, however, only when "(1) the parties intended that the contract would bind them, (2) the terms of the contract are sufficiently definite, and (3) the parties exchange legal consideration."[7]

In this case, Intuitive argues that there is an enforceable forum selection clause in a contract between Intuitive and Ms. Courtney, which requires Ms. Courtney to litigate her claim against Intuitive in the Northern District of California. Ms. Courtney, however, argues that the record shows that a valid contract was never formed between herself and Intuitive because there was no consideration, and thus the forum selection clause is unenforceable. Based on the parties' submissions and the record in this case, the Court finds that there is a material question of fact as to whether a valid contract was formed between Ms. Courtney and Intuitive that would make the forum selection clause enforceable against Ms. Courtney. For this reason, Intuitive's motion to dismiss under Rule

---

[5] *Ashall Homes Ltd. v. ROK Entertainment Group, Inc.*, 992 A.2d 1239, 1245 (Del. Ch. 2010).
[6] *Ingress Corp. v. CA, Inc.*, 8 A.3d 1143 (Del. 2010).
[7] *Osborn ex rel. Osborn v. Kemp*, 991 A.2d 1153, 1158 (Del. 2010) citing *Carlson v. Hallinan,* 925 A.2d 506, 524 (Del. Ch. 2006) ("Three elements are necessary to prove the existence of an enforceable contract: 1) the intent of the parties to be bound by it, 2) sufficiently definite terms and 3) consideration.").

12(b)(3) for improper venue is premature. Accordingly, this motion is **DENIED**

**WITHOUT PREJUDICE.**

Furthermore, there is no cause of action for strict products liability under Delaware law.[8] Accordingly, and as unopposed by Plaintiff, Intuitive's motion to dismiss Ms. Courtney's strict products liability claim is **GRANTED**.

   **IT IS SO ORDERED.**

*/S/Calvin L. Scott*
**Judge Calvin L. Scott, Jr.**

---

[8] *Cline v. Prowler Industries of Maryland, Inc.*, 418 A.2d 968, 980 (Del. 1990) (holding it was not within the power of the Court "to adopt the doctrine of strict liability in sales cases due to the preeminence of the Uniform Commercial Code in the sales field of law.").