# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PARK G.P., INC., a Missouri corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 2020-0230-KSJM |
| CCSB FINANCIAL CORP., a Delaware corporation, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO STAY

1.     Defendant CCSB Financial Corporation (the "Company") has moved to dismiss or stay the First Amended Complaint[1] of Plaintiff Park G.P., Inc. ("Plaintiff") challenging the Company's January 2020 board election.  Plaintiff, a stockholder of the Company, nominated two candidates to run against two of the incumbent directors up for reelection at the Company's annual stockholder meeting.[2]

2.     Plaintiff's candidates lost the election, and Plaintiff seeks to invalidate the election results pursuant to 8 *Del. C.* § 225.  The basis for Plaintiff's claim is that the Company made allegedly false and misleading statements in a letter sent to stockholders prior to the election.[3]

---

[1] C.A. No. 2020-0230-KSJM, Docket ("Dkt.") 40, First Am. Verified Compl. of Pl. Park G.P., Incorporated ("Am. Compl.").

[2] *Id.* ¶¶ 2, 10.

[3] *Id.* ¶ 1.

3. The allegedly false statements concern Plaintiff's President and one of the Plaintiff's two candidates, DeAnn Totta. In 2011, Totta obtained a Non-Objecting Beneficial Owner list (the "NOBO List") from Broadridge Financial Services, Inc. The list was sent to Totta mistakenly—only authorized representatives of the Company were entitled to request the list.[4] Based on these events, the Company accused Totta of "fraud or, at the very least misrepresent[ing] herself in attempts to obtain confidential shareholder information" in a letter to its stockholders dated January 6, 2020, concerning the annual election (the "January 6 Letter").[5]

4. After Totta and Plaintiff's other board nominee lost the election, the parties exchanged several communications regarding Plaintiff's gripe with the January 6 Letter.[6]

5. On March 11, 2020, Totta sued the Company in the Circuit Court of Clay County, Missouri, for the allegedly defamatory statements contained in the January 6 Letter.[7]

---

[4] *See* Am. Compl. Ex. E at 1.

[5] Am. Compl. Ex. B at 5; Am. Compl. ¶ 14.

[6] *See* Am. Compl. Exs. J–M.

[7] Am. Compl. Ex. D.

6.     Plaintiff then filed this action on March 26, 2020, seeking invalidation of the election based on the Company's purportedly false communication to stockholders.[8]

7.     The Company moved to dismiss Plaintiff's complaint or, in the alternative, to stay this action in favor of the Missouri action. In response, Plaintiff amended its complaint on May 15, 2020.[9] The parties fully briefed the Company's renewed motion to dismiss on July 10, 2020, and the court heard oral argument on that motion on December 3, 2020.[10]

8.     In part, the Company argues that Plaintiff's claims should be stayed under the "first-filed rule" set forth in *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Engineering Co.*[11] Under *McWane*, "Delaware courts should exercise discretion in favor of a stay where a prior action, involving the same parties and issues, is pending elsewhere in a court capable of doing prompt and complete

---

[8] Dkt. 1, Verified Compl. for Invalidation of Election of Directors and Requirement for a New Election Pursuant to Delaware General Corporation Law § 225.

[9] Am. Compl.

[10] *See* Dkt. 47, Opening Br. in Supp. of Def. CCSB Financial Corporation's Rule 12(b)(6) Mot. to Dismiss Pl.'s First Am. Compl. or Stay This Action; Dkt. 49, Pl. Park G.P.'s Responsive Br. in Opp'n to Def. CCSB Financial Corporation's Mot. to Dismiss Pl.'s First Am. Verified Compl. for Failure to State a Claim Upon Which Relief May Be Granted, or in the Alternative, to Stay; Dkt. 51, Reply Br. in Further Supp. of Def. CCSB Financial Corporation's Rule 12(b)(6) Mot. to Dismiss the First Am. Compl. or Stay this Action; Dkt. 58, Tr. of Dec. 3, 2020 Telephonic Oral Arg. on Def.'s Mot. to Dismiss or Stay ("Oral Arg. Tr.").

[11] 263 A.2d 281 (Del. 1970).

justice."[12] Issuing such a stay invokes "considerations of comity and the necessities of an orderly and efficient administration of justice."[13] The court's goal is to avoid "the wasteful duplication of time, effort, and expense that occurs when judges, lawyers, parties, and witnesses are simultaneously engaged in the adjudication of the same cause of action in two courts," as well as "the possibility of inconsistent and conflicting rulings and judgments and an unseemly race by each party to trial and judgment in the forum of its choice."[14]

9. A *McWane* analysis addresses three factors: "(1) is there a prior action pending elsewhere; (2) in a court capable of doing prompt and complete justice; (3) involving the same parties and the same issues?"[15] This court's discretion to award a stay under *McWane* "should be freely exercised in favor of the stay."[16]

10. Though *McWane* is not a perfect fit, a *McWane*-like stay is appropriate in this case. Plaintiff accurately contends that this action does not fully meet all three *McWane* factors. For example, Plaintiff in this case is not a named party in the first-filed Missouri action. There is sufficient overlap and privity, however, that the

---

[12] *Ingres Corp. v. CA, Inc.*, 8 A.3d 1143, 1145 (Del. 2010) (citing *McWane*, 263 A.2d at 283).

[13] *Id.* (quoting *McWane*, 263 A.2d at 283).

[14] *McWane*, 263 A.2d at 283.

[15] *LG Elecs., Inc. v. InterDigit. Commc'ns, Inc.*, 114 A.3d 1246, 1252 (Del. 2015).

[16] *McWane*, 263 A.2d at 283.

4

policy rationale underlying the *McWane* factors, however, warrants a stay of this case pending resolution of Totta's defamation suit in Missouri.

11. Plaintiff's only justification for seeking invalidation of the January 23, 2020 election is that the stockholders were misinformed by the Company's January 6, 2020 letter.[17] Whether the information in that letter was false or improperly submitted to stockholders is therefore a dispositive issue in this case. Totta's first-filed defamation suit asks the Missouri court to address exactly that question.[18] Asking this court to simultaneously consider that question invokes the very concerns outlined in *McWane*: the inefficiency of repetitive litigation and the potential for inconsistent adjudication of the same issue.[19]

12. Totta filed her defamation suit in Missouri before Plaintiff filed this case in Delaware. The Missouri action has proceeded faster than this case and is already approaching discovery.[20] The parties to this matter completed briefing the

---

[17] Am. Compl. ¶¶ 49–52. The First Amended Complaint asserts only one count: "Invalidation of January 23, 2020, Election of Directors Pursuant to DGCL § 225 and Requirement to Hold New Election." *Id*. Count I (describing the nature of the claim in the Count I heading). The only underlying rationale offered for invalidation of the January 23, 2020 election is the Company's allegedly false statements in the January 6 Letter. *Id*. ¶¶ 49–52.

[18] Am. Compl. Ex. D ¶ 11.

[19] *See McWane*, 263 A.2d at 283.

[20] Oral Arg. Tr. at 20:8–23 (noting that "a ruling on a motion to consolidate the various lawsuits is expected later this month, . . . [and] they expect discovery would get underway after that. And I think it would be wrapped up in several months' time, given . . . . [i]t's

5

motion to dismiss in July 2020, but did not appear for a hearing on that motion until December 3, 2020, just one month before the Company's next board election for which Plaintiff has put forth the same nominees.[21]

13.　In the interest of comity, efficiency, and consistency of adjudications, it is prudent to stay this case pending resolution of the core issue in the Missouri defamation suit—namely, whether the January 6 Letter contained materially misleading and inappropriate statements about Totta.

14.　For the foregoing reasons, this matter is STAYED pending resolution of the first-filed Missouri action.

*/s/ Kathaleen St. J. McCormick*
Vice Chancellor Kathaleen St. J. McCormick
Dated:　December 29, 2020

---

not a terribly extended process there," and that a similar case filed in 2012 reached complete resolution in "about 19 months").

[21] *See id.* at 25:2–13.