# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **BACO HOLDINGS, INC.,**<br>**a Delaware Corporation**, | )<br>)<br>) | |
| **Plaintiff,** | )<br>)<br>) | Case No.: N22C-08-445 FJJ |
| v. | )<br>) | |
| **ARRIA DATA2TEXT, LIMITED,**<br>**a Scottish Limited Company**, | )<br>)<br>) | |
| **Defendant.** | )<br>) | |

*Submitted: February 10, 2023*
*Decided: February 24, 2023*

## <u>MEMORANDUM OPINION AND ORDER</u>

*Upon Consideration of Defendant's Motion to Dismiss:*
**DENIED**

Andrew Silverman, Esquire, of MACELREE HARVEY, LTD., Centreville, Delaware,
Attorney for Plaintiff BACO Holdings, Inc.

Scott Czerwonka, Esquire, of the WILKS LAW FIRM, LLC, Wilmington, Delaware,
Attorney for Defendant Arria Data2Text, Limited.

**JONES, J.**

## INTRODUCTION

This matter involves a contractual scheme for delivery of a centralized call routing prototype (the "Prototype") on the Amazon Web Services Connect Platform.[1] The contract at issue was meant to safeguard payment to Plaintiff BACO Holdings, Inc. ("BACO") after BACO allegedly scaled the Prototype to connect over 1,100 users to Defendant Arria Data2Text Limited ("Arria")'s service offerings.[2] But as it turned out, per BACO, Arria never paid for the services BACO rendered in August of 2022, as the contract allegedly requires.[3] Thus, this action seeks to impose liability on Arria for breach of contract.[4]

For present purposes, the issue before the Court is jurisdictional: can Arria be haled into a Delaware court to answer for a contract-related claim, despite having no relationship with Delaware other than its status as a party to a contract with a Delaware forum selection clause? Arria answers in the negative, and has moved to dismiss the complaint on these grounds under Superior Court Civil Rule 12(b)(2).

This opinion addresses, and ultimately **DENIES**, Arria's motion. The Court's reasoning follows.

## FACTUAL AND PROCEDURAL OVERVIEW

BACO, a Delaware corporation, initially contracted to make the Prototype available to Arria, a Scotland-based company, in April 2021.[5] After a number of

---

[1] Pl.'s Compl. at 2.
[2] *Id.*
[3] *Id.*
[4] *Id.* at 4.
[5] *Id.* at 2.

2

mutually-approved amendments to the contract,[6] Arria ultimately agreed to provide BACO with $1,050,000.00 in exchange for the Prototype.[7] BACO's obligations under the contract were outlined in a Statement of Work, and Arria agreed to tender payment to BACO pursuant to a Payment Schedule the parties last revised in December 2021.[8]

As described in the Statement of Work, "invoicing [from BACO would] be on the 1st and 15th of each month with payment due [from Arria] on the 15th and 30th of each month."[9] But, according to BACO, Arria failed to tender the $515,000.000 it owed in August 2022 payments.[10]

BACO initiated this action shortly thereafter, and Arria filed the motion to dismiss before the Court in December 2022.[11] BACO responded on February 10, 2023.[12] The motion is now fully briefed and ripe for consideration.

## STANDARD OF REVIEW

"A non-resident defendant may move to dismiss for lack of personal jurisdiction under Rule 12(b)(2)."[13] "Generally, a plaintiff does not have the burden to plead in its complaint facts establishing a court's personal jurisdiction over [a non-resident]

---

[6] *Id.* The first amendment came in May 2021, when BACO and Arria amended the contract to a Statement of Work. Through the Statement of Work, BACO agreed to scale the Prototype "to connect over 1,100 users to Arria's service offerings." *Id.* Then, in December 2021, the Statement of work was ratified and amended to revise the payment schedule for BACO's services. *Id.* Arria's alleged failure to perform under the Revised Payment Schedule has led to the action presently before the Court.

[7] *Id.*

[8] *Id.* at 2-3.

[9] *Id.* at 3.

[10] *Id.*

[11] D.I. 5.

[12] D.I. 10.

[13] *Green Am. Recycling, LLC v. Clean Earth, Inc.*, 2021 WL 2211696, at *3 (Del. Super. June 1, 2021) (citing Del. Super. Ct. Civ. R. 12(b)(2)).

3

defendant."[14]  But when Rule 12(b)(2) is invoked, the plaintiff does carry this burden.[15]

Where no discovery has been conducted, plaintiff's burden is a *prima facie* one.[16]  As such, "the Court 'is not limited to the pleadings and can consider affidavits, briefs of the parties,' and the record as a whole."[17]  "Still, unless contradicted by affidavit, the Court must (1) accept as true all well-pleaded allegations in the complaint; and (2) construe the record in the light most favorable to the plaintiff."[18]

## ANALYSIS

As presented above, Arria submits the Court lacks personal jurisdiction to hear this matter pursuant to the forum selection clause in the parties' contract.  The forum selection provision reads, in relevant part:

> Any action arising out of or relating to this Agreement shall be brought exclusively in a court of competent jurisdiction in New Castle, Delaware, unless prohibited by applicable law.[19]

Delaware law favors the enforcement of forum selection clauses,[20] which are presumptively valid and should be specifically enforced unless the resisting party clearly shows that enforcement would be unreasonable and unjust, or that the clause

---

[14] *Focus Fin. P'rs, LLC v. Holsopple*, 241 A.3d 784, 800 (Del. Ch. 2020) (internal quotation marks and citation omitted). Precedent resolving dismissal motions filed under the Court of Chancery's analogous rules is usually of equal influence when addressing those filed under this Court's. *See, e.g.*, *CLP Toxicology, Inc. v. Casla Bio Holdings LLC*, 2020 WL 3564622, at *9 n.65 (Del. Ch. June 29, 2020) (finding no difference in the Rule 12(b)(2) context and collecting authority); *see also Green Am. Recycling*, 2021 WL 2211696, at *3 n.40.

[15] *Green Am. Recycling*, 2021 WL 2211696, at *3 (citing *AeroGlobal Capital Mgmt, LLC v. Cirrus Indus., Inc.*, 871 A.2d 428, 437-38 (Del. 2005)).

[16] *Id.*; *see also id.* at *3 n.42.

[17] *Id.* at *3.

[18] *Id.* (internal quotation marks and citations omitted); *see also id.* at *3 ns.44-45.

[19] Pl.'s Compl., Ex. A, at ¶ 16.

[20] *Plaze, Inc. v. Callas*, 2019 WL 1028110, at *3 (Del. Ch. Feb. 28, 2019).

is invalid for reasons such as fraud or overreaching.[21]  Delaware courts routinely defer to forum selection clauses and "give effect to the terms of private agreements to resolve disputes in a designated judicial forum out of respect for the parties' contractual designation."[22]  If the forum selection clause is freely negotiated, then Delaware courts are to presume the clause is *prima facia* valid and does not violate due process.[23]

Through its motion, Arria does not argue the invalidity, unreasonableness, fraudulence, or overreach of the forum selection provision.  Nor does it dispute that the contract was freely negotiated.  Instead, Arria argues this Court is not a "court of competent jurisdiction," as provided in the forum selection clause, and the Court's hearing of the dispute is "prohibited by applicable law" because the Court lacks independent grounds for personal jurisdiction over Arria beyond the provision.[24]

It is well-settled that Delaware law permits a defendant to contractually agree to a court's exercise of personal jurisdiction.[25]  As the United States Supreme Court has recognized, "the personal jurisdiction requirement is a waivable right [and] there are a 'variety of legal arrangements' by which a litigant may give express or implied consent to the personal jurisdiction of the court.'"[26]  The Delaware Supreme Court has expressed similar sentiments: "Where the parties to the forum selection clause

---

[21] *Id.* (citing *Ingres Corp. v. CA, Inc.*, 8 A.3d 1143, 1146 (Del. 2010).

[22] *Id.* (citing *Ashall Homes Ltd. V. ROK Entm't Gp.*, 992 A.2d 1239, 1245 (Del. Ch. 2010)).

[23] *Id.*

[24] D.I. 5 at ¶ 5.

[25] *In re Pilgrim's Pride Corp. Derivative Litig.*, 2019 WL 1224556, at *1 (Del. Ch. Mar. 15, 2019).

[26] *Burger King. Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985) (citations omitted).

have consented freely and knowingly to the court's exercise of jurisdiction, the clause is sufficient to confer personal jurisdiction on a court."[27]

Finally, as the Court of Chancery recently noted, "[w]here a party commits to the jurisdiction of a particular court by forum or contract, such as through a forum selection clause, a minimum contacts analysis is not required; the Court's analysis [instead] focuses on the contractual language."[28] When the language is clear and unambiguous, the Court will give effect to the plain meaning of the contract's terms and provisions.[29] Language is ambiguous if it is susceptible to more than one reasonable interpretation,[30] and an interpretation is unreasonable if it "produces an absurd result" or a result "that no reasonable person would have accepted when entering the contract."[31]

Here, the plain meaning of the clause states that the parties consent to the exclusive jurisdiction of the courts of New Castle County, Delaware. Those courts, obviously, include this Court. Arria's argument, which asks the Court to assume the phrase "unless prohibited by applicable law" nullifies, *a priori*, the forum

---

[27] *Nat'l Indus. Gp. (Hldg.) v. Carlyle Inv. Mgmt., LLC*, 67 A.3d 373, 381 (Del. 2013).

[28] *ActiGraph Holdings, LLC v. Cyntech, Inc.*, 2023 WL 1989141, at *1 (Del. Ch. Feb. 14, 2023) (internal citations and quotations omitted).

[29] *Seidensticker v. Gasparilla Inn, Inc.*, 2007 WL 4054472, at *1 n.1 (Del. Ch. Nov. 8, 2007) ("Under Delaware law, courts interpret contracts to mean what they objectively say. This approach is longstanding and is motivated by grave concerns of judicial fairness and efficiency.").

[30] *Osborn ex rel Osborn v. Kemp*, 991 A.2d 1153, 1160 (Del. 2010).

[31] *Id.* (citations omitted). Arria's motion, which misapplies the Delaware Supreme Court's holding in *Germaninvestments AG v. Alloment Corp.*, produces an absurd result. *See Germaninvestments AG v. Alloment Corp.*, 225 A.3d 316. In sum, Arria submits *Germaninvestments* requires the forum selection clause to be stated in "crystalline" terms before the Court can exercise personal jurisdiction. There are two issues with this position. First, the Court is satisfied the forum selection clause here *is* expressed in "crystalline" terms. Second, *Germaninvestments* stands for the proposition that Delaware jurisdiction can be *retained* if a permissive forum selection clause selects jurisdictions outside of Delaware. *See id.* at 331. If anything, the holding permits jurisdiction in Delaware *as well as* proper jurisdiction elsewhere. *Id.* So, *Germaninvestments*, at best, is inapposite to Arria's argument, and, at worst, directly contradicts it.

selection the parties had just agreed to *in the same sentence*, is wholly unreasonable. If the Court were to accept this line of reasoning, then the entire clause would be superfluous.

Because Arria consented to litigate the case in Delaware by contract, the Court need not, and will not, reach a traditional due process inquiry.

## CONCLUSION

For the foregoing reasons, Arria's motion to dismiss pursuant to Rule 12(b)(2) is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

cc:        *File N'ServeXpress*

7