# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NOW PLASTICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: N24C-07-069 SPL |
| | ) | |
| JC CAPITAL PARTNERS LLC, | ) | |
| KEVIN JUIN, and ARTHUR MARK | ) | |
| CARLIN, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: May 30, 2025
Decided: August 14, 2025

*Upon Defendant Arthur Mark Carlin's
Motion to Dismiss*

**DENIED IN PART,
GRANTED IN PART**

**ORDER**

This 14th day of August 2025, upon consideration of Defendant Arthur Mark Carlin's Motion to Dismiss the Complaint,[1] Plaintiff Now Plastics, Inc.'s ("Now Plastics") response,[2] Carlin's reply,[3] and the parties' oral arguments, it appears to the Court that:

---

[1] D.I. 12 ("Def. Op. Br.").

[2] D.I. 14 ("Pl. Ans. Br.").

[3] D.I. 15 ("Def. Reply Br.").

# BACKGROUND

1.	This case involves a contract dispute between Now Plastics and Defendant JC Capital Partners LLC ("JCCP"). Under a Letter of Intent ("LOI"), Defendant Kevin Juin, acting as Principal for JCCP, agreed to purchase Now Plastics' outstanding shares for $26.1 million.[4] After executing the LOI, Now Plastics loaned JCCP a total of $490,000 for various financing expenses.[5] Now Plastics contends the Defendants have failed to repay the $490,000 loan.[6]

2.	Now Plastics alleges Carlin personally guaranteed to repay the loan.[7] Carlin, citing a lack of personal jurisdiction, has moved to dismiss Counts II and III of the complaint.[8]

---

[4] D.I. 1 ("Compl.") ¶ 16.

[5] *Id.* ¶ 19-20.

[6] *Id.* ¶ 40.

[7] *Id.* ¶¶ 22-26.

[8] Def. Op. Br.

## FACTS AND PROCEDURAL HISTORY

3.      Now Plastics is a Massachusetts corporation, and JCCP is a Delaware limited liability company.[9]  Juin, managing member of JCCP, is a New York resident, and Carlin, employed by a non-party, is a Texas resident.[10]  Carlin and his company conducted research related to the transaction between Now Plastics and JCCP.[11]

4.      On March 16, 2023, Now Plastics and JCCP executed an LOI whereby JCCP agreed to acquire Now Plastics' outstanding shares for $26.1 million.[12]  Juin, on behalf of JCCP, signed the LOI.[13]  Under the LOI, each party "irrevocably submit[ted] to the exclusive jurisdiction of any State or Federal court sitting in Wilmington, Delaware . . . for the purposes of any suit, action or other proceeding."[14]

5.      On August 16, 2023, Now Plastics provided a loan to JCCP for financing expenses.[15]  That same day, Carlin, on behalf of JCCP, entered into two guarantee agreements under which Carlin personally guaranteed the repayment of

---

[9] Compl. ¶¶ 1-2.

[10] *Id.* ¶¶ 3-4.

[11] D.I. 14, Aff. of Lawrence Silverstein, ¶ 9.

[12] Compl. ¶ 16.

[13] *Id*. Ex. 2.

[14] *Id*. Ex. 1, § 9.

[15] *Id*. ¶¶ 20.

Now Plastics' loan to JCCP.[16]  Carlin now asserts Juin forged Carlin's signature on both agreements.[17]

6.      On October 22, 2023, Carlin texted Now Plastics CEO Lawrence Silverstein explaining that Juin "conned [Carlin] out of several hundred thousand dollars" and "basically lied about everything."[18]  On October 23, 2023, Now Plastics filed a claim for wire fraud against Juin.[19]  When Juin promised to repay the loan, Now Plastics released its claims.[20]  In December 2023, Juin sent Now Plastics a check for $490,000;[21] the check bounced due to insufficient funds.[22]

7.      On May 22, 2024, Now Plastics sent demand letters to Juin and Carlin seeking reimbursement under the guarantee agreements.[23]  Juin stated there was "no dispute" JCCP owed Now Plastics $490,000 and that he would "100% pay."[24]

8.      On July 15, 2024, having not received payment, Now Plastics filed its complaint in this Court alleging a Breach of Contract claim against JCCP under the

---

[16] *Id.* ¶¶ 23, 26.

[17] D.I. 12, Aff. of Mark Carlin, ¶¶ 14-19.

[18] Def. Op. Br. Ex. A.

[19] Compl. ¶ 28.

[20] *Id.*

[21] *Id.* ¶ 32.

[22] *Id.* ¶ 33.

[23] *Id.* ¶ 36.

[24] *Id.* ¶ 37.

LOI, a Breach of Contract claim against Juin and Carlin under the personal guarantee, and a Breach of Contract claim against all three named Defendants under the reimbursement guarantee.[25] The personal guarantee contains a forum selection clause; the reimbursement guarantee does not.[26] Carlin responded with a Motion to Dismiss.

## STANDARD OF REVIEW

9. Upon a motion to dismiss for lack of personal jurisdiction under Superior Court Civil Rule 12(b)(2), the plaintiff has the burden of showing a basis for this Court's jurisdiction over the nonresident defendant.[27] If, as here, there has been no evidentiary hearing or meaningful discovery, the Court evaluates whether the plaintiff has made a *prima facie* showing of personal jurisdiction based on the record as a whole, including the complaint, affidavits, and the parties' briefs.[28] The Court, (i) accepts well-pleaded factual allegations in the complaint as true, unless

---

[25] *Id.* ¶¶ 42-70.

[26] *Id*. Ex. 3, 4.

[27] Super. Ct. Civ. R. 12(b)(2); *AeroGlobal Cap. Mgmt., LLC v. Cirrus Indus., Inc.*, 871 A.2d 428, 437 (Del. 2005).

[28] *Green Am. Recycling, LLC v. Clean Earth, Inc.*, 2021 WL 2211696, at *3 (Del. Super. Ct. June 1, 2021).

contradicted by affidavit, (ii) construes the record in the light most favorable to the nonmovant, and (iii) draws all reasonable inferences in favor of the nonmovant.[29]

## ANALYSIS

10.    Now Plastics contends Carlin is subject to this Court's jurisdiction on both claims filed against him.  As to Count II, Now Plastics asserts Carlin consented to Delaware's jurisdiction through his signature on the personal guarantee, which included a forum selection clause.[30]  And as to both Counts II and III, Now Plastics argues that because Carlin contracted to act as a guarantor for JCCP, Carlin is subject to Delaware's jurisdiction under 10 *Del. C.* § 3104(c)(6), and exercising such jurisdiction would comport with due process.[31]

### A. As to Count II: Jurisdiction over Carlin is Established Under the Forum Selection Clause

11.    In Delaware, "forum selection clauses are presumptively valid and should be specifically enforced unless the resisting party clearly shows that enforcement would be unreasonable and unjust, or that the clause is invalid for such reasons as fraud and overreaching."[32]  To nullify a forum selection clause, the party

---

[29] *Degregorio v. Marriott Int'l, Inc.*, 2018 WL 3096627, at *5 (Del. Super. Ct. June 20, 2018).

[30] Pl. Ans. Br. 5-9.

[31] Pl. Ans. Br. 10-12.

[32] *Ingres Corp. v. CA, Inc.*, 8 A.3d 1143, 1146 (Del. 2010) (cleaned up).

challenging it must "meet a heavy burden of proof in showing that the clause is unreasonable or otherwise the product of fraud, undue influence, or uneven bargaining power."[33] The Court determines whether a forum selection clause is reasonable on a "case-by-case" basis.[34]

12. Under the standard applicable here, the Court finds the forum selection clause is enforceable and that Carlin has not met his "heavy burden" to show its exercise to be unreasonable.

13. The forum selection clause's express language allowed personal jurisdiction to be established at Now Plastics' choosing.[35] And, while initiating a suit in a state wholly unrelated to the parties or to the dispute at hand may give one pause, Now Plastics elected to bring suit in JCCP's home state—Delaware.[36] On the facts and circumstances here, the Court finds the forum selection clause establishes personal jurisdiction over Carlin as to Count II.

14. The Court sought additional input from the parties on what may be read as conflicting language in the forum selection clause.[37] Having considered the

---

[33] *Prime Rock Energy Cap., LLC v. Vaquero Operations, Ltd.*, 2017 WL 4856851, at *3 (Del. Super. Ct. Oct. 26, 2017).

[34] *Ingres Corp.*, 8 A.3d at 1146.

[35] Compl. Ex. 3, § IV.d.

[36] *Id.* ¶ 2.

[37] D.I. 19.

parties' positions and construing the record in the light most favorable to the plaintiffs, the Court finds the forum selection clause enforceable. The second sentence of the forum selection clause states that, "If a dispute arises and the court of preference cannot be agreed upon, a court that governs [Now Plastics'] mailing address shall serve as the Governing Law."[38] Now Plastics' mailing address is in the Commonwealth of Massachusetts.[39]

15. When a motion to dismiss depends on interpretation of a contractual term, this Court may only grant the motion if the defendants' interpretation of the contract is "the only reasonable construction as a matter of law."[40] Now Plastics contends this term is ambiguous.[41] "Language is ambiguous if it is susceptible to more than one reasonable interpretation."[42] Carlin asserts that the Court should only interpret the clause to mean Now Plastics must settle this dispute in Massachusetts; Now Plastics contends the sentence "does not explicitly state *who* must be in disagreement" with the chosen forum, rendering the term ambiguous.[43]

---

[38] Compl. Ex. 3, § IV.d.

[39] *Id.* at ¶ 1.

[40] *LGM Holdings, LLC v. Schurder*, 2025 WL 1162999, at *6 (Del. Apr. 22, 2025) (cleaned up).

[41] D.I. 21 ("Pl. Supp. Ans.") at ¶ 9.

[42] *Manti Holdings, LLC v. Authentix Acquisition Co., Inc.*, 261 A.3d 1199, 1208 (Del. 2021).

[43] Pl. Supp. Ans. at ¶ 9; D.I. 20 ("Def. Supp. Ans.") at 5.

16.     Carlin's and Now Plastics' "steadfast disagreement over interpretation will not, alone, render the contract ambiguous."[44]  But, a party's interpretation will only be deemed unreasonable if it "produces an absurd result" or a result "that no reasonable person would have accepted when entering the contract."[45]

17.     Because the second sentence is subject to more than one interpretation—neither of which would produce an "absurd result"—the Court finds that the second sentence of the forum selection clause is ambiguous.  When interpreting the contract, this Court "cannot choose between two differing reasonable interpretations of ambiguous provisions."[46]  Consequently, the Court declines to invalidate the forum selection clause.

18.     Now Plastics contends this Court has jurisdiction over Carlin because the personal guarantee permitted Now Plastics "to choose the forum to enforce any disputes arising under" the agreement.[47]  Now Plastics, of course, chose Delaware. Carlin alleges he could not have consented to jurisdiction under the forum selection clause because he "did not sign" the guarantee agreements, but maintains that even

---

[44] *Osborn ex rel. Osborn v. Kemp*, 991 A.2d 1153, 1160 (Del. 2010).

[45] *Manti Holdings, LLC*, 261 A.3d at 1208.

[46] *LGM Holdings, LLC*, 2025 WL 1162999, at *6 (quoting *VLIW Tech, LLC v. Hewlett Packard Co.,* 840 A.2d 606, 615 (Del. 2003)).

[47] Pl. Ans. Br. 6.

if he did, "serving as a guarantor on its own is not enough to give the Court jurisdiction."[48]

19.     It is well settled that parties may consent to personal jurisdiction through forum selection clauses.[49] Forum selection clauses "almost always involve parties being subject to personal jurisdiction in the chosen forum over a particular class of claims—that is, they involve consent to specific jurisdiction as to the claims outlined in the agreement."[50]

20.     Carlin asserts that he neither signed nor authorized Juin to sign the guarantee agreements on his behalf, and so "it cannot be relied upon that [he] 'consented' to personal jurisdiction in this Court" through the forum selection clause.[51] Carlin's chief argument is that Now Plastics' Complaint must be dismissed because his signature was forged on both guarantee agreements.

21.     Again, construing the record in the light most favorable to the plaintiff, the Court finds that Now Plastics has made a *prima facie* showing that the exercise of personal jurisdiction over Carlin is appropriate.   The personal guarantee agreement contains a forum selection clause expressly selecting the Court of Now

---

[48] Def. Op. Br. 8; Def. Reply Br. 2.

[49] *Prime Rock Energy Cap., LLC*, 2017 WL 4856851, at *3 & n.26 (internal citations omitted).

[50] *Genuine Parts Co v. Cepec*, 137 A.3d 123, 148 (Del. 2016).

[51] Def. Op. Br. 8.

Plastics' "preference" to settle disputes arising under the agreement.[52]  Now Plastics chose this Court.  Whether or not Carlin's signature was forged on the document, as he contends, is a determination that the Court cannot make at this stage of the litigation.

### B. Counts II & III: Jurisdiction over Carlin is Not Established Absent the Forum Selection Clause

22.    Carlin contends Now Plastics has failed to establish personal jurisdiction over him in this forum as to both Counts II and III.  Of course, having determined that the forum selection clause serves to confer personal jurisdiction as to Count II, the practical effect of this assessment only applies to Count III.[53]  To assess whether personal jurisdiction exists over a claim against a nonresident defendant, the Court must engage in a two-step analysis.[54]  The Court must first "consider whether jurisdiction under the Delaware Long-Arm statute, 10 *Del. C.* § 3104, applies and then must evaluate whether subjecting a defendant to jurisdiction in Delaware violates the due process clause of the Fourteenth Amendment."[55]  In

---

[52] Compl. Ex. 3, § IV.d.

[53] Plaintiff contends that Court need not engage in the traditional "two-step inquiry as it relates to Cout II" but "even if it does, the Court has statutory jurisdiction over Carlin under the Reimbursement Guarantee under the long-arm statute as to Counts II and III."  Pl. Ans. Brf. at 10.

[54] *Ross v. Earth Movers, LLC*, 288 A.3d 284, 293 (Del. Super. Ct. 2023).

[55] *Id.*

construing the Long-Arm statute, the Court must interpret it "broadly to the maximum extent permissible under the Due Process Clause."[56] "In other words, the [Delaware] Supreme Court has instructed that trial courts should permit service under § 3104 if the statutory language plausibly permits service, and rely on a Due Process analysis to screen out uses of the statute that sweep too broadly."[57]

23.     Delaware's Long-Arm statute provides in pertinent part:

> (c) As to a cause of action brought by any person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent: (6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.[58]

Section 3104(c)(6) applies to guarantee agreements.[59]

24.     As an initial matter, Delaware's Long-Arm statute allows service to be made upon Carlin. Section 3104(c)(6) applies to a party who contracts to insure or act as surety for an obligation or agreement "located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide

---

[56] *Tell v. Roman Catholic Bishops of Diocese of Allentown*, 2010 WL 1691199, at *8 (Del. Super. Ct. Apr. 26, 2010) (citing *LaNuova D & B, S.p.A. v. Bowe, Inc.*, 513 A.2d 764, 768 (Del. 1986)).

[57] *Sample v. Morgan*, 935 A.2d 1046, 1056 (Del. Ch. 2007).

[58] 10 *Del. C.* § 3104(c)(6).

[59] *See Gunton Corp. v. KNZ Const., Inc.*, 1999 WL 744423, at *2 (Del. Super. Ct. July 30, 1999).

in writing."[60]  Here, at the time Carlin purportedly signed the guarantee agreements, he acted as a surety [guarantor] for JCCP, a Delaware limited liability company located in Delaware.

25.    The Long-Arm statute does not require that the agreement subject to the claim be physically executed in Delaware; rather, 10 *Del. C.* § 3104(c)(6) supports a finding of personal jurisdiction where a party "contracts to insure or act as a surety for . . . any person . . . located . . . within the State at the time the contract is made."[61]  "Located" in this context refers to where the guarantee, in this case JCCP, is located—not, as Carlin asserts, the location where the contract is signed.

26.    Carlin, by contracting to guarantee the obligations of JCCP, a Delaware entity, created specific jurisdiction under Delaware's Long-Arm statute for actions arising under the guarantee agreements.  But this determination only carries the claim over the first obstacle; principles of due process must also be considered.

27.    The second hurdle requires Now Plastics to satisfy Constitutional Due Process.  For this Court to exercise jurisdiction, the "defendant's suit-related conduct" must have "create[d] a substantial connection with the forum State."[62]

---

[60] *300 W 22 Realty, LLC v. Strathmore Ins. Co.*, 2023 WL 2300628, at *3 (Del. Super. Ct. Mar. 1, 2023) (citing 10 *Del. C.* § 3104(c)).

[61] 10 *Del. C.* § 3104(c)(6).

[62] *300 W 22 Realty, LLC*, 2023 WL 2300628, at *1 (citing *Walden v. Fiore*, 571 U.S. 277, 284 (2014)).

"Where the Plaintiff fails to allege that the defendant's 'in-state activity . . . gave rise to the episode-in-suit,' the defendant is not subject to specific jurisdiction."[63]

28. Carlin contends that because "the Guarantees were not executed in Delaware, nor do they relate to work . . . in Delaware[,] Carlin possesses insufficient contacts with Delaware such that the long-arm cannot reach him."[64] This Court may only exercise personal jurisdiction over Carlin if minimum contacts exist between him and Delaware. Carlin's suit-related conduct must have created a "substantial connection" with Delaware.[65] This Court looks to *World-Wide Volkswagon Corp. v. Woodson*[66] when assessing minimum contacts.[67] And, where "there was a total absence of the affiliating circumstances that are necessary to exercise state-court jurisdiction," exercising personal jurisdiction over a non-resident defendant offends Constitutional Due Process.[68]

29. Carlin is a Texas resident and employed by a non-party.[69] Viewing the record in the light most favorable to the plaintiff, nothing suggests that Carlin, in the

---

[63] *300 W 22 Realty, LLC*, 2023 WL 2300628, at *1 (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923-24 (2011)).

[64] Def. Op. Br. 9.

[65] *Ross*, 288 A.3d at 297.

[66] 444 U.S. 286, 287 (1980).

[67] *Ross*, 288 A.3d at 297.

[68] *Id.* at 297-298.

[69] Compl. ¶ 4.

ordinary course of business or otherwise, engaged in suit-related contact in or with Delaware to the extent he has created a "substantial connection" with Delaware.[70]

30. Now Plastics contends Carlin purposefully directed his activities to Delaware because he (1) guaranteed JCCP's obligations under the loan, (2) signed a document that permitted Now Plastics to select the forum, and (3) assisted in negotiating the original transaction.[71] These arguments are unavailing.

31. "[G]uaranteeing a contract of a Delaware corporation is . . . not enough to meet the minimum contacts standard."[72] And Carlin's signatures, forged or otherwise, do not push this case past the minimum contacts threshold. The Court finds Now Plastics' effort to invoke Delaware jurisdiction over Carlin, absent the forum selection clause, sweeps too broadly. Now Plastics has failed establish minimum contacts to establish jurisdiction over Carlin as to Count III.[73]

---

[70] *Ross*, 288 A.3d at 297.

[71] Pl. Ans. Br. 14.

[72] *Summit Invs. II, L.P. v. Sechrist Indus., Inc.*, 2002 WL 31260989, at *4 (Del. Ch. Sept. 20, 2002) (citing *Outokumpu Eng'g Enter., Inc. v. Kvaerner EnviroPower, Inc.*, 685 A.2d 724, 731-32 (Del. Super. Ct. July 10, 1996)). In *Summit Investors II, L.P. v. Sechrist Industries*, plaintiffs failed to establish minimum contacts where defendants, other than their status as co-owners of a Delaware corporation, did not "purposely direct their activities into Delaware." 2002 WL 31260989, at *4. Similarly, in *1st Source Bank v. Merritt*, the Court dismissed a defendant whose "only connection to Delaware [was] its guarantee of the Delaware limited liability corporation's obligation." 759 F.Supp.2d 505, 509-510 (D. Del. 2011).

[73] Because the Court concludes that minimum contacts have not been established, it need not assess whether, as a matter of fairness, maintaining this action in Delaware "offend[s] traditional notions of fair play and substantial justice." *See Matthew v.*

## CONCLUSION

Because the forum selection clause is valid and enforceable, Carlin's motion to dismiss Count II pertaining to the personal guarantee is **DENIED**. Because Now Plastics cannot establish minimum contacts between Carlin and Delaware, and the reimbursement guarantee does not contain a forum selection clause, Carlin's motion to dismiss Count III is **GRANTED**.

**IT IS SO ORDERED.**

_____
Sean P. Lugg, Judge

---

*Fläkt Woods Group SA,* 56 A.3d 1023, 1027 (Del. 2012) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)).